[Cite as *State v. Van Tielen*, 2013-Ohio-446.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2012-04-007 |
| | : | O P I N I O N |
| - vs - | | 2/11/2013 |
| | : | |
| JOHN VAN TIELEN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2010-2037


Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 200 East Cherry Street, Georgetown, Ohio 45121, for plaintiff-appellee

Robert F. Benintendi, 10 South Third Street, Batavia, Ohio 45103, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, John Van Tielen, appeals the decision of the Brown County Court of Common Pleas denying his motion to withdraw his previous guilty pleas.

{¶ 2}   In March 2010, Van Tielen was indicted on ten counts of pandering sexually-oriented material involving a minor in violation of R.C. 2907.322(A)(1).  Law enforcement officials in Georgia began an investigation when they suspected that child pornography was being exchanged via email in their state.  The Georgia officials obtained a search warrant,

and determined that emails containing child pornography were sent to an Ohio email address belonging to Van Tielen. Brown County police officers obtained a search warrant, and found photographs of child pornography on the hard drive of Van Tielen's computer, as well as on an external "thumb drive." The Ohio Bureau of Criminal Investigation determined that photographs taken from Van Tielen's hard drive and thumb drive had not been digitally altered or enhanced and were, in fact, child pornography. The ten counts in the indictment corresponded to ten different photographs recovered from Van Tielen's hard drive and thumb drive.

{¶ 3} Van Tielen agreed to plead guilty to four counts of pandering sexually-oriented material involving a minor, and the remaining six counts were dismissed at the time of sentencing. The trial court ordered a presentence investigation, and later sentenced Van Tielen to six years on each of the counts to which he pled guilty. The four, six-year sentences were ordered to run consecutive to one another, for a total aggregate sentence of 24 years. Van Tielen filed a direct appeal through counsel, alleging that the trial court erred by running his sentences consecutive to one another. This court affirmed the trial court's decision.[1]

{¶ 4} In March 2012, Van Tielen filed a *pro se* motion with the trial court, asking that he be permitted to withdraw his guilty pleas. Van Tielen claimed that his criminal conduct was limited to "receiving" the sexually-oriented material, and that during his plea negotiations, he was led to believe that "receiving" sexually-oriented material involving a minor was sufficient to constitute a violation of R.C. 2907.322(A)(1). Van Tielen asserted that had he been aware that "receiving" such material is not listed as an offense within R.C. 2907.322(A)(1), that he would not have pled guilty to the four counts. The trial court

---

1. *See State v. Van Tielen*, 12th Dist. No. CA2010-06-011 (Mar. 7, 2011) (accelerated calendar judgment entry), jurisdiction denied, 129 Ohio St.3d 1410, 2011-Ohio-3244.

overruled Van Tielen's motion. Van Tielen, now represented by counsel, appeals the trial court's decision overruling his motion to withdraw his pleas, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO WITHDRAW PLEAS.

{¶ 6} Van Tielen argues in his assignment of error that the trial court erred in not permitting him to withdraw his guilty pleas.

{¶ 7} As previously mentioned, Van Tielen directly appealed the sentence imposed by the trial court. This court reviewed Van Tielen's arguments and overruled each in turn, affirming the trial court's decision. Van Tielen could have challenged his conviction pursuant to R.C. 2907.322(A)(1) during his direct appeal at the same time he challenged the consecutive nature of his sentence.[2] Given that Van Tielen failed to raise the issues set forth in this appeal during his direct appeal, those matters are deemed barred by res judicata. *State v. Bregen*, 12th Dist. No. CA2010-06-039, 2011-Ohio-1872, ¶ 15.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 8} Van Tielen, who was represented by counsel at the time he made his guilty pleas, as well as when he made his direct appeal, did not raise any issues regarding whether "receiving" child pornography constitutes a violation of R.C. 2907.322(A)(1). As

---

2. Van Tielen was clearly advised that the charges to which he was pleading were felonies of the second degree and that the trial court had the discretion to run the charges consecutive to each other for total possible sentence of 32 years.

such, Van Tielen cannot now make a collateral challenge to his conviction by arguing that his motion to withdraw his guilty pleas should have been granted. *State v. Gegia*, 11th Dist. No. 2003-P-0026, 2004-Ohio-1441, ¶ 24-25.

{¶ 9} Even if res judicata was inapplicable to the case at bar, Van Tielen's argument that the trial court erred by not granting his motion to withdraw his guilty pleas lacks merit. Pursuant to Crim.R. 32.1, "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court. *State v. Smith,* 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. The good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. *Id.* Thus, we review a trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion, and we reverse that denial only if it is unreasonable, arbitrary, or unconscionable. *State v. Taylor,* 12th Dist. No. CA2007-12-037, 2009-Ohio-924, ¶ 11.

{¶ 10} Despite Van Tielen's argument, there is no evidence that a manifest injustice occurred. According to R.C. 2907.322(A)(1), "no person, with knowledge of the character of the material or performance involved, shall do any of the following:  (1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality." While it is true that the prosecutor and defense counsel made reference to Van Tielen "receiving" the sexually-orientated matter involving a minor, there was also evidence that Van Tielen knowingly *reproduced* sexually-orientated matter involving a minor.

{¶ 11} During the plea hearing, the state specified that Van Tielen downloaded photographs containing child pornography onto his computer's hard drive and thumb drive

from emails he received. Van Tielen did not object to the state's recitation of facts except to say "it's really a matter of him receiving, not creating or disseminating." However, there is nothing in the record to indicate that Van Tielen ever denied *reproducing* the images onto his hard drive and thumb drive.

{¶ 12} By virtue of his pleas, Van Tielen admitted to the facts that he downloaded and reproduced the pictures by saving them to the hard drive and external drive, which constitutes a separate action of reproduction rather than mere "receiving." *State v. Kraft*, 1st Dist. No. C-060238, 2007-Ohio-2247, ¶ 92-94; and *State v. Huffman*, 165 Ohio App. 3d 518, 2006-Ohio-1106, ¶ 49 (1st Dist.). As such, the trial court did not abuse its discretion in denying Van Tielen's motion to withdraw his guilty pleas, as there was no manifest injustice. Van Tielen's assignment of error is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.