[Cite as *Cotton v. Sheldon*, 2014-Ohio-756.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

PRINCE CHARLES COTTON, SR.,

    PLAINTIFF-APPELLANT,                 CASE NO. 9-13-48

    v.

EDWARD T. SHELDON, WARDEN,          O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Marion County Common Pleas Court
Trial Court No. 10-CV-0318

Judgment Affirmed

Date of Decision: March 3, 2014

APPEARANCES:

    *Prince Charles Cotton, Sr.,* Appellant

    *Peter L. Jamison* for Appellee

**ROGERS, J.**

{¶1} Although originally placed on our accelerated calendar, we elect, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶2} Plaintiff-Appellant, Prince Charles Cotton[1], appeals the judgment of the Court of Common Pleas of Marion County denying his "motion to rescind unauthorized actions by the clerk's [sic] of courts".  On appeal, Cotton argues that the trial court erred because the judge was biased, cited his own personal opinions, failed to cite case law, and misapplied the law.  For the reasons that follow, we affirm the trial court's judgment.

{¶3} On April 13, 2010, Cotton filed a writ of mandamus in the Court of Common Pleas of Marion County.  Cotton alleged that Defendant-Appellee, Edward Sheldon, the Warden of the Marion Correctional Institution, did not have a valid sentencing entry and asked for his immediate release.  On December 15, 2010, Sheldon filed a motion for judgment on the pleadings, stating that Cotton's complaint was barred by res judicata and that he did not fully comply with R.C. 2969.21 et seq.  On August 15, 2011, the trial court issued a judgment entry which granted Sheldon's motion for judgment on the pleadings.  The trial court stated, in relevant part:

---

[1] Appellant refers to himself as "Prince Charles Cotten, Sr."  We will refer to the Appellant as "Cotton" in order to be consistent with the trial court's caption.

The Court further finds that the issues raised by the Relator in his Writ of Mandamus should have been raised on direct appeal or by post-conviction action.

In addition, the Court finds that the Relator's action in this case fails for failure to comply with ORC §2961.21 [sic].

IT IS THEREFORE ORDERED that the Relator's Writ of Mandamus is hereby dismissed. Costs are to be paid by the Relator.

(Docket No. 42, p. 2)

{¶4} Cotton also filed, with this court, a petition for "Writ of Procedendo Ad Judicium," which we denied in a judgment entry filed on March 11, 2011. In the judgment entry, we ordered Cotton to pay court costs.

{¶5} On May 31, 2013, Cotton filed a "motion to rescind unauthorized actions by the clerk's [sic] of court" arguing that because he was indigent, he should not have to pay the court costs associated with the two aforementioned cases. (Docket No. 46, p. 1). The trial court subsequently denied his motion on August 27, 2013, finding that because Cotton's litigation was civil in nature, it did not relieve him of the obligation to pay court costs.

{¶6} Cotton timely appealed this judgment, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE JUDGE WAS BIAS AND THE PLAINTIFF WAS PREJUDICE. [SIC] WHEN THE JUDGE RULED IN FAVOR OF THE NONE [SIC] MOVING PARTY. [SIC] WHEN NO OPPOSITION WAS FILED[.]**

*Assignment of Error No. II*

**THE JUDGE WAS IN ERROR, AND THE PLAINTIFF WAS PREJUDICE. [SIC] WHEN THE JUDGE CITED HIS OWN PERSONAL OPINION WHEN THIS ACTION WAS UNCONTESTED[.]**

*Assignment of Error No. III*

**THE JUDGE WAS DISCRIMINATING AND THE PLAINTIFF WAS PREJUDICE. [SIC] WHEN THE JUDGE FAIL [SIC] TO CITE ANY CASES TO SUPPORT HIS RULING[.]**

*Assignment of Error No. IV*

**THE JUDGE WAS OPINIONATED, AND THE PLAINTIFF WAS PREJUDICE. [SIC] WHEN THE JUDGE MISAPPLIED THE LAW, WHEN NO RESPONSE WAS FILED IN THIS CASE IN CHIEF[.]**

{¶7} Due to the nature of the assignments of error, we elect to address them together.

*Assignments of Error No. I, II, III, & IV*

{¶8} In his first, second, third, and fourth assignments of error, Cotton essentially argues that the trial court erred because the trial judge was biased, cited his personal opinions, failed to cite any case law, and misapplied the law. We disagree.

{¶9} First, Cotton fails to explain or demonstrate how the trial judge was biased. Further, we do not see where in the trial court's judgment entry the judge

inserted his personal opinions.  Cotton also argues that the trial court erred because it did not cite any case law in its judgment entry.  We are unaware of any rule, statute, or case that requires a trial court to cite case law in its judgment entry.  Therefore, we find these arguments meritless.

{¶10} Cotton also argues that the trial court misapplied the law.  Pursuant to R.C. 2969.22(A)(1)(b), when "an inmate commences a civil action or appeal against a government entity or employee * * * [t]he clerk of court * * * shall charge to the inmate either the total payment of the requisite fees that are described in section 2303.20 of the Revised Code or that otherwise are applicable to actions or appeals filed in that court * * *."  Further, R.C. 5120.133(A) states that

> [t]he department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, *may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department*.

(Emphasis added.)

{¶11} Ohio Adm. Code 5120-5-03 outlines the procedures and guidelines for withdrawing money from an inmate's prison account.  The warden's designee must give the inmate the required notice of his or her right to claim exemptions

and the types of exemptions that are available under R.C. 2329.66.[2] Ohio Adm. Code 5120-5-03(C). The warden's designee must also give the inmate an opportunity to raise a defense and an opportunity to discuss his or her objections with the warden's designee. *Id.* "This practice provides safeguards to minimize the risk of unlawful deprivation of inmate property." *Id.*

{¶12} Therefore, it is apparent that even though Cotton is indigent, he is still required to pay court costs. Further, the clerk of courts has valid judgment entries from both of Cotton's above-mentioned cases and is entitled to withdraw money from Cotton's prison account.

{¶13} Although not clearly stated in an assignment of error, Cotton also seems to argue that he was entitled to default judgment since Sheldon did not respond to his "motion to rescind." However, Sheldon was not required to respond to Cotton's motion, which was a nullity.[3] Cotton's case against Sheldon

---

[2] Cotton repeatedly cites *Hutchinson v. Cox*, 784 F.Supp.1339 (S.D. Ohio 1992), in his brief, asserting that R.C. 2329.66 is "UNCONSTITUTIONAL ON ITS FACE." (Emphasis sic.) Appellant's Br., p. 2. Cotton is correct in noting that the court in *Hutchinson* held that "the provisions of Ohio Rev. Code Chapter 2329 permitting post-judgment execution against personal property *without notice* of potentially available exemptions and of the procedure for claiming them are unconstitutional on their face in that they deprive debtors of their property interest in exempt property without due process of law." (Emphasis added.) 784 F.Supp at 1344. However, *Hutchinson* was decided in 1992, and the General Assembly has since then amended Chapter 2329 to include a notice requirement of the potentially available exemptions and of the procedure for claiming them. *See* R.C. 2329.091; 1994 Ohio Law Files 145 (S.B. 147). Further, Ohio Adm. Code 5120-5-03 provides the same notice requirements in order to protect an inmate against unlawful deprivation of property, and the Ohio Supreme Court has utilized this section to collect court costs from an inmate's account. *See, e.g.*, *State ex rel. Turner, v. Eberlin*, 117 Ohio St.3d 381, 2008-Ohio-1117.

[3] An inmate must follow Ohio Adm. Code 5120-9-31 to "appeal the collection of costs once notice of the garnishment has been provided to the inmate by the institution." *Boylen v. Ohio Dept. Of Rehab. & Corr.*, 182 Ohio App.3d 265, 2009-Ohio-1953, ¶ 27 (5th Dist.). Since Cotton did not follow the instructions of Ohio Adm. Code 5120-9-31, his "motion to rescind" is a nullity and is of no legal significance.

was resolved when the trial court issued its August 15, 2011 judgment entry, and Cotton is not allowed to reopen the case by simply filing a "motion to rescind." *See State v. ex. Rel. Simms v. Sutula*, 81 Ohio St.3d 110, 111 (1998).

{¶14} Accordingly, we find that the trial court did not err in dismissing Cotton's motion to rescind and we overrule Cotton's first, second, third, and fourth assignments of error.

{¶15} Having found no error prejudicial to Cotton in the particulars assigned and argued, we affirm the trial court's judgment.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**