[Cite as *State v. Burton*, 2014-Ohio-1692.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| STATE OF OHIO, | : | |
| --- | --- | --- |
| Plaintiff-Appellee, | : | CASE NO. CA2013-09-071 |
| | : | O P I N I O N |
| - vs - | | 4/21/2014 |
| | : | |
| JERRY BURTON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 91 CR 005304


D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Jerry Burton, #A260-300, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se


**PIPER, J.**

{¶ 1} Defendant-appellant, Jerry Burton, appeals from a decision of the Clermont County Court of Common Pleas denying his "motion for resentence." For the reasons outlined below, we affirm the decision of the trial court as modified.

{¶ 2} Burton was convicted and sentenced on four counts of rape in 1992 when the victim was under 13 years of age with specifications that force or threat of force was used.

Burton was sentenced to four terms of life imprisonment, all to be served consecutively except for counts two and three, which were to be served concurrently. Burton directly appealed his conviction, which we affirmed. *See State v. Burton*, 12th Dist. Clermont No. CA92-05-053, 1992 WL 341283 (Nov. 23, 1992).

{¶ 3} In 1994, Burton filed a petition for habeas corpus in the Warren County Court of Common Pleas challenging his sentence. The common pleas court dismissed Burton's petition. We affirmed on appeal. *See Burton v. Russell*, 12th Dist. Warren No. CA95-01-004, 1995 WL 222164 (Apr. 17, 1995).

{¶ 4} Burton filed a pro-se motion for resentence in July 2013. Burton argued that his sentence was contrary to law and thus void. Burton asserted he should have been sentenced to three to ten years in prison rather than life in prison. Burton also asserted that the Revised Code section for rape that he was convicted under, R.C. 2907.02(A)(1)(2), did not exist. The trial court requested memoranda from the parties in support of their respective positions. The trial court also requested that the parties submit proposed entries.

{¶ 5} In ruling on Burton's motion, the trial court selected and signed the state's entry denying Burton's motion for resentence on September 4, 2013. It is from this entry Burton now appeals, asserting five assignments of error for review. Because assignments of error one, three, and five are related, we will address them together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT COMMITTED REVERSIBLE/CONSTITUTIONAL ERROR IN DENYING [BURTON'S] MOTION THAT WAS PREDICATED UPON VOID SENTENCE AND CONTRARY TO LAW DOCTRINE.

{¶ 8} Assignment of Error No. 3:

{¶ 9} UNDER A MOTION CLAIMING "VOID SENTENCE" TIME REQUIREMENTS DO NOT COMPLY.

{¶ 10} Assignment of Error No. 5:

{¶ 11} THE TRIAL COURT AND PROSECUTOR FAIL TO CONSIDER OR MENTION THE ACTUAL JURY VERDICT, SIGNED BY THE TRIAL JUDGE, AND CLERMONT COUNTY ASST. PROSECUTOR THAT TRIED THE CRIMINAL CASE AGAINST [BURTON]. BOTH THE TRIAL JUDGE AND PROSECUTOR SIGNED SAID JURY VERDICT ENTRY, AND IT CITED AN OHIO LAW THAT WAS NOT A LAW OF THE STATE OF OHIO. A MOTION REQUESTING TO BE RE-SENTENCE [sic], CLAIMING A VOID SENTENCE MUST BE CONSIDERED UNDER SUCH CIRCUMSTANCES.

{¶ 12} Burton's first, third, and fifth assignments of error relate to whether his initial rape sentence was void. Essentially, Burton asserts that his sentence was void because the statute stated in the judgment entry on verdict, R.C. 2907.02(A)(1)(2), does not exist. In its judgment entry on verdict, the trial court found that after due deliberation, the jury found Burton guilty of four counts of rape in violation of R.C. 2907.02(A)(1)(2). The judgment entry on verdict also stated that Burton was found guilty of specifications to all counts of committing rape with force or the threat of force. We find that the citation to R.C. 2907.02(A)(1)(2) in the judgment entry on verdict constitutes a clerical error and does not render Burton's sentence void.

{¶ 13} Trial courts lack authority to reconsider their own valid final judgments in criminal cases. *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 20. Exceptions to this rule include retaining continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19. Ohio courts possess the inherent authority to vacate void judgments. *See Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 368 (2000). With this inherent authority, the timing of motions relating to void judgments is inconsequential. *State v. Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, ¶ 9. A

sentence not in accordance with statutorily mandated terms is void as no court has the authority to impose a sentence that is contrary to law. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 8, 23.

{¶ 14} Crim.R. 36 governs the correction of clerical errors. It is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164 (1995); *State v. Willis*, 12th Dist. Butler No. CA2012-08-155, 2013-Ohio-2391, ¶ 9. Clerical errors subject to correction by the court include a mistake or omission that is mechanical in nature and apparent on the record that does not involve a legal decision or judgment. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 15. Corrections are proper to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204.

{¶ 15} From a review of the record, it is obvious that the trial court's citation to R.C. 2907.02(A)(1)(2) in the judgment entry on verdict is a clerical mistake. *See State v. Brown*, 12th Dist. Preble No. CA2003-02-004, 2004-Ohio-424, ¶ 44. The indictment indicates that Burton was charged with violating R.C. 2907.02(A)(1)(b). Furthermore, the actual sentencing entry recites that Burton was found guilty by a jury of four counts of rape with specifications to all counts that force or the threat of force was used in violation of R.C. 2907.02(A)(1)(b). R.C. 2907.02(A)(1)(b) stated at the time of Burton's offenses:

> (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following apply:
>
> * * *
>
> (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

Accordingly, it is apparent on the record that the reference to R.C. 2907.02(A)(1)(2) in the judgment entry on verdict was a clerical mistake and the proper revised code section is R.C. 2907.02(A)(1)(b).

{¶ 16} Additionally, we note that Burton's sentence was within the statutorily mandated terms. At the time of Burton's sentence, R.C. 2907.02(B) stated:

> (B) Whoever violates this section is guilty of rape, an aggravated felony of the first degree. If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life.

Burton was sentenced to four terms of life imprisonment, all to be served consecutively except for counts two and three, which were to be served concurrently. Because R.C. 2907.02(B) mandated life sentences for a perpetrator committing rape when the victim was under 13 years of age and was compelled to submit by force or threat of force, Burton's life sentences were not contrary to statute. Consequently, Burton's sentence was not void.

{¶ 17} Burton's first, third, and fifth assignments of error are overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT COMMITTED REVERSIBLE/CONSTITUTIONAL ERROR WHEN IT FAILED TO CONSIDER, OR MENTION THE CASE LAWS WITHIN THE [BURTON'S] MOTION. THE TRIAL COURT FAIL [sic] TO EXPLAIN IN ITS DECISION, THE REASON(S) THE LAWS CITED DID NOT COMPLY.

{¶ 20} Burton argues in his second assignment of error that the trial court erred by failing to consider or mention case law when it denied his motion for resentence. We are unaware of any rule, statute, or case that requires a trial court to cite case law in its judgment entry. *See Cotton v. Sheldon*, 3d Dist. Marion No. 9-13-48, 2014-Ohio-756, ¶ 9. Furthermore, such a failure to cite to case law did not prejudice Burton. Because his sentence was not void, Burton is not prejudiced by any error committed by the trial court

when considering his motion for resentence. Crim.R. 52(A). Burton's second assignment of error is overruled.

{¶ 21} Assignment of Error No. 4:

{¶ 22} THE TRIAL COURT, AND [THE STATE], THE CLERMONT COUNTY PROSECUTOR COMMITTED ERROR, BY THE TRIAL COURT ALLOWING THE [STATE] TO ACTUALLY WRITE THE FINAL DECISION/ENTRY DENYING [BURTON'S] MOTION.

{¶ 23} Burton asserts in his fourth assignment of error that the trial court erred by allowing the prosecutor to draft the entry denying his motion for resentence. When the trial court requested memoranda from the parties in support of their respective positions, it also requested that the parties submit proposed entries. The trial court indicated that it might select one of the prepared entries for approval or write its own entry. We fail to see how the trial court erred. In any event, as stated above, because his sentence was not void, Burton is not prejudiced by any error committed by the trial court when considering his motion for resentence. Crim.R. 52(A).

{¶ 24} Burton's fourth assignment of error is overruled.

{¶ 25} We affirm the trial court's judgment denying Burton's motion for resentence and modify the trial court's judgment entry on verdict. The judgment entry on verdict should now reflect that Burton was found guilty of four counts of rape in violation of R.C. 2907.02(A)(1)(b).

S. POWELL, P.J., and M. POWELL, J., concur.