[Cite as *State v. Van Tielen*, 2014-Ohio-4421.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-11-012 |
| | : | O P I N I O N |
| - vs - | | 10/6/2014 |
| | : | |
| JOHN VAN TIELEN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2010-2037

Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

John Van Tielen, #A629095, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**PIPER, J.**

{¶ 1} Defendant-appellant, John Van Tielen, appeals a decision of the Brown County Court of Common Pleas, denying his motion for resentencing.

{¶ 2} Van Tielen has twice been before this court on appeal, arguing issues specific to his convictions for pandering sexually-oriented material involving a minor. Van Tielen was arrested after a multi-state investigation was conducted regarding the sharing of child

pornography over the internet. A search warrant was executed on Van Tielen's computer, and officials located ten different photographs containing child pornography. Van Tielen was indicted on ten counts of pandering sexually-oriented material involving a minor. Van Tielen plead guilty to four of the counts, and the remaining six counts were dismissed. The trial court ordered a presentence investigation, and later held a sentencing hearing.

{¶ 3} The trial court sentenced Van Tielen to six years on each of the counts to which he pled guilty. Each six-year sentence was mandatory because Van Tielen had previously been convicted of rape and attempted rape. The trial court ordered the sentences to run consecutive to one another, for a total aggregate sentence of 24 years. However, the trial court's original sentencing entry failed to indicate that the six-year sentences were mandatory. Three days after the sentencing hearing, the trial court issued a nunc pro tunc entry in which it corrected its previous sentencing entry by notating that each of the four six-year sentences were mandatory.

{¶ 4} Van Tielen filed a direct appeal through counsel, alleging that the trial court erred by running his sentences consecutive to one another. This court affirmed the trial court's decision. *State v. Van Tielen*, 12th Dist. Brown No. CA2010-06-011 (accelerated calendar judgment entry), *appeal not accepted*, 129 Ohio St.3d 1410, 2011-Ohio-3244. Van Tielen then moved with the trial court to withdraw his guilty pleas. The trial court denied the motion, and Van Tielen appealed the trial court's denial of his motion to withdraw his guilty pleas. This court again affirmed the trial court's decision. *State v. Van Tielen*, 12th Dist. Brown No. CA2012-04-007, 2013-Ohio-446, *appeal not accepted*, 135 Ohio St.3d 1461, 2013-Ohio-2285.

{¶ 5} In 2013, Van Tielen filed another motion in the trial court, asking the court to resentence him. Van Tielen argued that his sentence was void because the trial court wrongly issued its nunc pro tunc entry indicating that each of the six-year sentences were

mandatory. The trial court denied Van Tielen's motion for resentencing. Van Tielen now argues on appeal that the trial court erred in denying his motion for resentencing, raising the following assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION AND ERRED AS A MATTER OF LAW, WHEREAS IT MISUSED A NUNC PRO TUNC ORDER TO CORRECT A JUDGMENT OF CONVICTION THAT WAS UNLAWFUL.

{¶ 8} Van Tielen argues in his first assignment of error that the trial court improperly denied his motion to vacate a void sentence because the trial court wrongly issued a nunc pro tunc entry to correct the sentence imposed upon him.[1]

{¶ 9} According to Crim.R. 43(A)(1), "the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." Thus, if a defendant is sentenced, and then subsequently receives a new or different sentence than that announced in open court, the defendant is entitled to be present for resentencing. *State v. Williams*, 6th Dist. Lucas No. L-11-1084, 2013-Ohio-726. However, when a trial court issues a nunc pro tunc entry to correct an omission in its original sentencing entry, the defendant is not required to appear before the trial court because no resentencing has occurred and the nunc pro tunc entry merely serves as an accurate reflection of what the court actually decided. *State v. Ferrell*, 8th Dist. Cuyahoga No. 85821, 2005-Ohio-5992.

{¶ 10} It is well-settled that trial courts possess the authority to correct errors in

---

1. The state's brief is limited only to arguing that Van Tielen's assignments of error should be overruled because his arguments are barred by res judicata. Despite the state's assertion, res judicata does not bar Van Tielen from arguing that his sentence is void, as such an argument is jurisdictional in nature and may be raised at any time. *State v. Waltz*, 12th Dist. Clermont No. CA2013-10-077, 2014-Ohio-2474, ¶ 26.

judgment entries so that the record speaks the truth. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164 (1995); Crim.R. 36. Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and do not involve a legal decision or judgment. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 15. Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204. Therefore, when a sentencing court issues a nunc pro tunc entry to reflect what was actually done in court, the sentence is not modified and the defendant does not have to be brought back into court for resentencing. *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229.

{¶ 11} The record is clear that the trial court sentenced Van Tielen to four six-year sentences, with each of the sentences being mandatory because Van Tielen had previously been convicted of rape and attempted rape. Despite the original sentencing entry's omission of the word "mandatory" for each sentence, Van Tielen was well-aware that his sentences were mandatory, even before he pled guilty to the charges. Moreover, the events that occurred at the sentencing hearing demonstrate that the trial court imposed four, six-year mandatory sentences.

{¶ 12} On Van Tielen's change of plea form, the possible sentences for each of the four counts of pandering sexually-oriented material involving a minor are clearly stated, and the word "yes" appears next to each possible sentence under the category of "MANDATORY PRISON TERM." (Emphasis sic.) Beneath the charges and listing of possible sentences, the form provides, "I understand the maximum penalty as set out above, and any mandatory prison term during which I am NOT eligible for judicial release." (Emphasis sic.) Van Tielen signed the change of plea form, and later acknowledged his signature on the form and his understanding of the form's contents during the plea change hearing.

{¶ 13} During the plea hearing, and before Van Tielen changed his plea, the trial court asked Van Tielen, "you also understand that any prison sentence that the Court selects is a mandatory prison time?" Van Tielen answered, "Yes, Sir." The trial court went on to further explain, "and the meaning to [sic] that to you should be two fold: A) that if I set the guilty pleas that there will be a prison sentence as to each one of these counts; B) that they're mandatory, which means there's no early release. Do you understand that?" Van Tielen answered, "Yes, Sir."

{¶ 14} After the state read the facts into the record, the trial court reiterated within *each count* that the prison sentence for *each count* would be mandatory given that Van Tielen had previous convictions for rape and attempted rape. The trial court went through *each count* that Van Tielen was pleading guilty to, one at a time, and specifically stated that the first count "is a mandatory prison time case," the second count "again, it is a mandatory prison time, and I've already explained that to you that I must send you to prison, and there will be no early release," the third count "again, as a mandatory prison sentence, meaning I must select a prison sentence and impose it, and you will not be subject to being released early," and the fourth count, "it is again a mandatory prison sentence where I must choose a prison sentence and impose it, and you're not subject to early release." After discussing the mandatory nature of each individual count, the trial court expressly asked Van Tielen whether he understood the consequences of a mandatory sentence. Each time, and after each explanation, Van Tielen answered that he understood that his sentences were mandatory on each count, and what that meant.

{¶ 15} We, of course, recognize that these statements were made at the plea hearing, and that such did not constitute the actual sentence imposed by the trial court. However, the statements made by the court and Van Tielen expressly demonstrate that the trial court was required to impose a mandatory sentence on each count, and that Van Tielen understood

that each sentence would be mandatory. Moreover, and even at the sentencing hearing, the trial court reiterated multiple times that Van Tielen was facing mandatory prison *sentences*, and such mandatory sentences were imposed in open court and with Van Tielen's full and complete understanding.

{¶ 16} The trial court opened the sentencing hearing by recognizing that the plea hearing had occurred, and that the court was ready to proceed with sentencing. The court specifically stated, "the Defendant having entered a plea of guilty on May 17, 2010 to four counts of Pandering Obscenity – Obscene Material Involving a Minor in violation of 2907.322(A)(1), each being felonies of the second degree, *each said being a mandatory prison charges* [sic]." (Emphasis added.) Later during the sentencing hearing, Van Tielen's attorney was in the process of offering mitigation arguments, and mentioned the use of strict community control standards to help Van Tielen deal with his sexual addictions. The trial court interrupted Van Tielen's counsel and stated, "because of his prior convictions this is mandatory prison time. I don't have a choice." Van Tielen's counsel replied, "I understand, Your Honor. * * * I Understand." Once the state was afforded the opportunity to argue sentencing, the state suggested a "prison term imposed in this matter." The trial court, once again, reiterated, "I have to send him to prison. I can't consider community control. I can't consider house monitoring or anything like that." Any time the parties tried to suggest anything other than a mandatory prison term, the trial court clearly and expressly stated that the prison time it was imposing was mandatory.

{¶ 17} During its colloquy regarding the purposes and principles of sentencing, the trial court once again noted that given Van Tielen's prior convictions, "a mandatory term of imprisonment is dictated" according to the sentencing statute. The court then reviewed the horrific nature of the photographs that Van Tielen reproduced, including an "engorged male penis being stuck through the vagina of an infant," and then imposed a six-year sentence on

each of the four counts.

{¶ 18} While it is true that the trial court expressly stated that the six-year sentence specific to the first count was mandatory but did not use the word "mandatory" with the other three counts, the trial court never pronounced a sentence that was non-mandatory. The trial court clearly imposed mandatory sentences during the sentencing hearing, and its nunc pro tunc entry corrected the previous error in its sentencing entry resulting from the failure to list each sentence as being mandatory. The fact that the trial court inadvertently omitted the word "mandatory" from its original sentencing entry did not render its sentence void, nor cause the trial court's nunc pro tunc to constitute a new or different sentence for which resentencing was required. The trial court neither expressly nor inherently vacated its sentence, and it never imposed a new or greater sentence than that which was imposed at sentencing.[2]

{¶ 19} Because the nunc pro tunc entry conformed to everyone's understanding of what the sentencing court had done, Van Tielen did not object to the trial court's nunc pro tunc entry, nor did he raise the issue of the nunc pro tunc entry in either of his previous direct appeals to this court. Van Tielen was well-informed by the trial court before and after he pled guilty to the charges that he would face a mandatory sentence on each count. The trial court stated as much, and Van Tielen was informed no less than five times on his plea change

2. While the dissent suggests that the majority opinion stands for the proposition that a nunc pro tunc entry can be based upon the sentencing court's intent, the majority does not rely upon the intent of the trial court. Instead, the sentencing transcript clearly indicates that the trial court *imposed* mandatory sentences for each and every count, and there was no need to infer the trial court's intent. The dissent is correct that a nunc pro tunc entry cannot be used to correct a void sentence just because a trial court had an intention that a sentence be mandatory. However, the majority opinion does not hold that a void sentence can be corrected by a nunc pro tunc entry. The majority opinion instead recognizes that in the case at bar, the trial court imposed mandatory sentences and then corrected an omission in its original entry via the nunc pro tunc, which it had the authority to do. The dissent also suggests that this court is limited to review only the sentencing court's verbatim pronouncement of sentence, and that it is improper to consider other aspects of sentencing when determining if use of a nunc pro tunc entry was proper. However, the Ohio Legislature expressly instructed appellate courts to review "the trial record in the case in which the sentence was imposed" and "*any oral or written statements made to or by the court at the sentencing hearing* at which the sentence was imposed" when reviewing a sentence. (Emphasis added.) R.C. 2953.08(F)(2)-(3).

form, six times during the plea change hearing, and five times during the sentencing hearing that his sentences were mandatory. The nunc pro tunc entry issued by the trial court spoke the truth of what occurred at sentencing, and corrected the omission from the original sentencing entry.[3]

{¶ 20} The trial court's nunc pro tunc entry corrected an "oversight or omission." The nunc pro tunc entry did not, however, involve a new legal decision or different judgment from the one the trial court discussed at the sentencing hearing. The trial court recognized its oversight/omission in the original entry, and correctly used the nunc pro tunc entry according to Crim.R. 36 so that the record now speaks the truth of what occurred at sentencing.

{¶ 21} Sentencing courts have been given the ability to correct omissions in sentencing entries, and are not required to call the defendant into open court upon the issuance of a nunc pro tunc entry where that defendant was present when the sentence was correctly imposed. Van Tielen was present when he was told his sentences were mandatory so that his constitutional right to be present during sentencing was not violated by the issuance of the corrective nunc pro tunc entry. As such, Van Tielen's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO RE-SENTENCE WITHOUT FINDINGS OF FACT OR CONCLUSIONS OF LAW.

{¶ 24} Van Tielen argues in his second assignment of error that the trial court erred in failing to provide findings of fact or conclusions of law when it denied his motion for

---

3. It appears that the dissent agrees Van Tielen was told his sentences were mandatory at the sentencing hearing, but disagrees with the timing because the trial court's pronouncement was at the beginning of the hearing. Regardless of the timing, the court's spoken words clearly reveal that the "omission" was only in the original entry, which was subsequently corrected by the nunc pro tunc entry.

resentencing.

**{¶ 25}** "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153. 2008-Ohio-545, ¶ 12. Although it seems that Van Tielen is suggesting the trial court was required to make findings of fact and conclusions of law as would be required by R.C. 2953.21(G) if the motion had been treated as a petition for postconviction relief, the trial court did not treat Van Tielen's motion as such. Therefore, the trial court was not required to issue findings of fact and conclusions of law.[4] *State ex rel. McCuller v. Callahan*, 8th Dist. Cuyahoga No. 71961, 1997 WL 150136 (Mar. 27, 1999).

**{¶ 26}** Van Tielen also argues that without complete findings of fact and conclusions of law, this court is unable to perform an adequate review of the trial court's decision. We disagree. The issue in this case is patently clear, and the record contains all pertinent information on which this court based its decision within both the majority and dissenting opinions. The record contained transcripts of each hearing pertinent to the disposition of the appeal, as well as the relevant filings and entries of the court. Detailed findings of fact or conclusions of law were therefore not necessary in the case at bar, and this court was able to conduct a meaningful review of the legal issues raised herein without the trial court making findings of fact or conclusions of law. As such, Van Tielen's second assignment of error is overruled.

**{¶ 27}** Judgment affirmed.

S. POWELL, P.J. concurs.

---

4. We also note that had the trial court treated Van Tielen's motion for resentencing as a petition for postconviction relief, such a motion would have been untimely filed, and the trial court would not have been required to rule on the merits of Van Tielen's arguments. As such, Van Tielen was not prejudiced in any manner by the trial court's classification of the irregular motion as something other than a petition for postconviction relief.

M. POWELL, J. concurs in part and dissents in part.

**M. POWELL, J. concurring in part and dissenting in part.**

{¶ 28} I concur with the majority in its resolution of Van Tielen's first assignment of error with regard to Count 1 of the indictment, and in its resolution of Van Tielen's second assignment of error. However, I respectfully dissent from the majority's decision that the trial court was within its authority to issue the nunc pro tunc entry with regard to Counts 2, 3, and 4 of the indictment because it simply corrected the original sentencing entry due to "oversight or omission." I also respectfully dissent from the majority's opinion that as a result, Van Tielen's presence was not required when the trial court issued its nunc pro tunc entry. For the reasons that follow, I would vacate the trial court's nunc pro tunc entry with regard to Counts 2, 3, and 4 of the indictment and remand the case to the trial court for resentencing in accordance with Crim.R. 43.

{¶ 29} Trial courts lack authority to reconsider their own valid final judgments in criminal cases, with two exceptions: (1) when a void sentence has been imposed, and (2) when the judgment contains a clerical error. *Miller*, 2010-Ohio-5705 at ¶ 14; *State v. Burton*, 12th Dist. Clermont No. CA2013-09-071, 2014-Ohio-1692, ¶ 13. A sentence not in accordance with statutorily mandated terms is void as no court has the authority to impose a sentence that is contrary to law. *Burton* at *id.*, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

{¶ 30} Pursuant to R.C. 2929.13(F)(6), the trial court was obligated to impose a mandatory prison term *on each of the four counts*. The mandatory nature of the sentence is not merely an incident of a prison term but carries as much significance as the prison term itself. During the sentencing hearing, the trial court correctly imposed a mandatory prison term on Count 1, but imposed no mandatory prison term on Counts 2, 3, and 4. The original

- 10 -

sentencing entry did not impose mandatory prison terms on any of the four counts. Subsequently, apparently realizing its mistake, the trial court sua sponte issued a nunc pro tunc entry properly sentencing Van Tielen to mandatory prison terms on each of the four counts. There was no hearing in connection with the nunc pro tunc entry.

{¶ 31} Because the sentence imposed in the original sentencing entry failed to comply with R.C. 2929.13(F)(6), the trial court had jurisdiction to reconsider that sentence under *Miller*. *Miller*, 2010-Ohio-5705 at ¶ 14.

{¶ 32} The majority holds that the trial court was within its authority to issue the nunc pro tunc entry because it simply corrected the original sentencing entry due to "oversight or omission." *See* Crim.R. 36; *Miller* (the "clerical error" exception). That is, the trial court simply issued the nunc pro tunc entry to reflect what was actually done in court so that the record speaks the truth. I disagree and stand by this court's decision in *Waltz*, 2014-Ohio-2474.

{¶ 33} Crim.R. 36 specifically authorizes a trial court to correct clerical mistakes in judgments at any time. A clerical error or mistake is "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *Lester*, 2011-Ohio-5204 at ¶ 18. While courts have inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, and not what the court might or should have decided or what the court intended to decide. *Id.*; *Burton*, 2014-Ohio-1692 at ¶ 14. Thus, the "purpose of a nunc pro tunc entry is to have the judgment of the court reflect its true action." *Miller v. Short*, 6th Dist. Lucas No. L-96-162, 1997 WL 22602, *2 (Jan. 17, 1997). A nunc pro tunc entry cannot be used to supply omitted action. *Waltz* at ¶ 16.

{¶ 34} The majority holds that the nunc pro tunc entry simply corrected an oversight or

- 11 -

omission because Van Tielen was notified multiple times on his plea change form and during the plea change hearing and the sentencing hearing that his sentences were mandatory, and such mandatory sentences were imposed in open court. As the change of plea form and the trial court's colloquy with Van Tielen at the plea hearing plainly indicate, the trial court clearly knew it was required to impose mandatory prison time on each of the four counts. The majority acknowledges that the colloquy during the plea hearing, and by extension Van Tielen's acknowledgments on the change of plea form, "did not constitute the actual sentence imposed." During the sentencing hearing, the trial court referred to mandatory prison time on three different occasions before it imposed its sentence in open court. Undoubtedly, the trial court intended to impose mandatory prison time on each of the four counts. However, it is not what the trial court actually imposed with regard to Counts 2, 3, and 4, either at the conclusion of the sentencing hearing when it imposed its sentence in open court or in its original sentencing entry. With regard to these three counts, the trial court's nunc pro tunc entry may reflect what the trial court intended to impose and should have imposed at the sentencing hearing or in its original sentencing entry. It does not reflect what the trial court actually imposed.

{¶ 35} Crim.R. 43(A) requires that a criminal defendant be present for sentencing, including when a sentence is vacated and a new sentence imposed. *State v. Francis*, 5th Dist. Guernsey No. 98CA13, 2000 WL 93682, *14 (Jan. 25, 2000). When the trial court issued its nunc pro tunc entry, it effectively vacated its previous sentence and imposed a new sentence. *State v. Mullens*, 9th Dist. Summit No. 23395, 2007-Ohio-2893, ¶ 20 (trial court effectively vacated its previous sentence and imposed a new sentence when its nunc pro tunc entry changed the original sentence of seven years of mandatory time to ten years of mandatory time). A trial court can correct a statutorily incorrect sentence with a nunc pro tunc entry as long as it is done in open court with the defendant present and with a full

explanation for resentencing. *See, e.g., State v. Calvillo*, 76 Ohio App.3d 714, 717 (8th Dist.1991). If, however, a trial court corrects such a sentence in the defendant's absence, the new sentencing entry must be vacated and the case remanded to the trial court for resentencing in accordance with Crim.R. 43(A). *Id.*

**{¶ 36}** Because Van Tielen was not present when the trial court issued its nunc pro tunc entry (which resulted in a more severe sentence), I believe the nunc pro tunc entry must be vacated and the case remanded to the trial court for a resentencing hearing in accordance with Crim.R. 43. Doing so will not violate Van Tielen's double jeopardy rights. *Id.*

**{¶ 37}** It is apparent Van Tielen was aware he was subject to mandatory prison sentences, and the trial court's intention to impose mandatory prison sentences was manifest. However, the precedent established by the majority opinion permits consideration of a trial court's comments made during the sentencing hearing prior to the actual pronouncement of the sentence, as the sentence itself. I cannot go along with this precedent.[5] Sentencing hearings are oftentimes freewheeling affairs in which numerous matters and alternatives are discussed and debated. The majority's precedent introduces an element of uncertainty into criminal sentencing that will be used by the state and criminal defendants to contest criminal sentences, and consequently, will lead to a proliferation of such challenges. The only definite indication of a trial court's sentence is that imposed by the trial court when it pronounces, "It is the order of the court that the defendant be sentenced to * * *," or similar words to that effect. Otherwise, when there is a conflict between the pronounced sentence and comments made by the trial court during the sentencing hearing, as here, we find ourselves foraging through the sentencing hearing transcript to identify what

---

5. The majority references that R.C. 2953.08.(F)(3) provides that "Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed" are part of the record to be reviewed upon the appeal of a felony sentence. That such statements are a part of the record do not make the trial court's statements any less prefatory to the actual sentence imposed herein.

sentence was actually imposed. While it was a relatively easy task here, it will not always be so. Nonetheless, the precedent established by the majority requires us to engage in this exercise and will encourage parties to contest sentences based upon the prefatory comments of the sentencing judge. I think it is neither burdensome nor unreasonable to expect that a trial court impose the intended or required sentence when the sentence is in fact pronounced.

{¶ 38} I realize that conducting a resentencing hearing with Van Tielen present will involve some expense and inconvenience. It is not my purpose to impose such burdens needlessly. Nonetheless, adherence to precedent and Crim.R. 43(A) demands nothing less.

{¶ 39} Notwithstanding the seriousness of Van Tielen's offenses and the horrific nature of the photographs reproduced by Van Tielen, I believe the trial court's original sentencing entry was void with regard to Counts 2, 3, and 4, and subsequently improperly corrected in Van Tielen's absence via the trial court's issuance of the nunc pro tunc entry. I would therefore vacate the trial court's June 4, 2010 nunc pro tunc entry with regard to those three counts and remand the case to the trial court for resentencing in accordance with Crim.R. 43.

{¶ 40} With regard and respect for my colleagues in the majority, I dissent.