[Cite as *State v. Snowden*, 2019-Ohio-2840.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27948 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-1023/2 |
| | : | |
| KLONE SNOWDEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 12th day of July, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 1160 East Dayton-Yellow Springs Road, Fairborn, Ohio 45324
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Klone Snowden pled guilty in the Montgomery County Court of Common Pleas to murder (unclassified felony), three counts of aggravated robbery (first-degree felony), and intimidation of a witness (third-degree felony). In exchange for the pleas, 12 additional charges and specifications were dismissed. The trial court sentenced Snowden to 15 years to life in prison for the murder, 11 years on each aggravated robbery count, and 36 months for intimidation of a witness. Snowden received 94 days of jail time credit. The trial court filed an original and two amended judgment entries, which vary with respect to whether the charges are to be served concurrently or consecutively.

{¶ 2} Snowden raises two assignments of error, one concerning the trial court's judgment entries and the other concerning jail time credit. The State concedes error in both respects, but disagrees with Snowden as to the proper remedies. For the following reasons, the trial court's March 20, 2018 and March 30, 2018 amended judgment entries will be vacated, and the trial court's original February 9, 2018 judgment entry will be reversed insofar as it awarded 94 days of jail time credit. The matter will be remanded for the trial court to determine the appropriate amount of jail time credit and to correct its judgment entry to remove any reference to Case No. 2016 CR 3549/1 in its sentences. In all other respects, the judgment of the trial court will be affirmed.

## I. Factual and Procedural History

{¶ 3} According to the presentence investigation report, Snowden, his co-defendant Ryshon Steele, and others committed a series of armed robberies on November 11 and 12, 2016. The first robbery occurred at approximately 9:40 p.m. on November 11, the second occurred shortly after midnight on November 12, and the third

occurred in the early morning hours of November 12.   During the third robbery, a victim was struck in the head with a gun.   At approximately 4:20 a.m. on November 12, the police located a vehicle associated with the three robberies; no suspects were in the vehicle.

{¶ 4} Subsequently on November 12, 2016, officers were dispatched on a report that a male, later identified as John Madden III, had been shot in the head and was lying on the road.   Madden later died at the hospital from his injuries.   On November 13, 2016, five individuals, including Snowden, were involved in a carjacking; the vehicle fled from the police and crashed.   Snowden, Steele, and three others were apprehended.

{¶ 5} During his interview with the police, Steele admitted to committing the aggravated robberies and to shooting Madden while robbing him.   Other victims of the robberies identified Steele as the perpetrator.   Another individual involved in the robberies identified Snowden as the driver of vehicle throughout the crime spree and as the individual who selected the victims.

{¶ 6} On December 7, 2016, Snowden was indicted in Case No. 2016 CR 3549/1 with failure to comply with an order or signal of a police officer and receiving stolen property based on the events of November 13, 2016.   The alleged stolen property was the vehicle taken in the carjacking.   The online docket for that case reflects that Snowden pled guilty to the charges in February 2017, but did not appear for the scheduled sentencing hearing; Snowden was arrested on April 19, 2017.

{¶ 7} On April 21, 2017, Snowden was charged in this case with four counts of murder, one count of felonious assault (serious harm), one count of aggravated robbery (serious harm), three counts of felonious assault (deadly weapon), and seven counts of

aggravated robbery (deadly weapon). Each count included a firearm specification. Eight of the charges related to the aggravated robbery, felonious assault, and murder of Madden; the other eight charges concerned the aggravated robbery of and, in two cases, the felonious assault of six additional complainants. Snowden remained incarcerated on the charges pending trial.

{¶ 8} Snowden requested a bill of particulars and filed several pretrial motions, including a motion to suppress and a motion to sever his and Steele's trials. The court held a hearing on the motion to suppress over two days in June 2017. The motion to suppress was later denied, but the motion to sever was granted.

{¶ 9} On July 17, 2017, Snowden was searched by a corrections officer while being escorted to the visitation room at the Montgomery County Jail. The officer found a handwritten note containing information about two witnesses to the charged offenses (individuals who had been with Snowden and Steele); the letter asked that the witnesses be killed and offered payment. On August 14, 2017, Snowden was charged in a "B" indictment with two counts of intimidation of a witness. At the State's request, the trial court ordered that Snowden be administratively segregated from the jail population by the Sheriff's Office and that all visitation and phone privileges be suspended until further order.

{¶ 10} A jury trial was ultimately scheduled for February 5, 2018. However, on January 25, 2018, Snowden pled guilty to five charges: murder (proximate result of aggravated robbery/serious harm) (Count 5), aggravated robbery (deadly weapon) (Counts 9, 11, and 16 – each involving a different complainant), and intimidation of a witness. In exchange for the pleas, all of the firearm specifications, all remaining counts

in the "A" indictment, and Count 2 of the "B" indictment were dismissed. The parties also agreed to a sentence of 15 years to life in prison.

{¶ 11} On February 7, 2018, after a presentence investigation, the trial court orally sentenced Snowden on both this case (2017 CR 1023/2) and Case No. 2016 CR 3549/1. In this case, the trial court sentenced Snowden to 15 years to life in prison for the murder, 11 years on each aggravated robbery count, and 36 months for intimidation of a witness. The court ordered that the sentences run concurrently to each other. The trial court awarded jail time credit of 94 days.

{¶ 12} As to Case No. 2016 CR 3549/1, the trial court imposed 9 months on each count. The court indicated that the sentence for receiving stolen property would run concurrently with the sentence for failure to comply and the sentences in this case (2017 CR 1023/2); the court further stated that the sentence for failure to comply was required, by statute, to be served consecutively to the sentences in Case No. 2017 CR 1023/2. The court awarded 270 days of jail time credit and ordered $2,000 in restitution in Case No. 2016 CR 3549/1.

{¶ 13} The court imposed court costs in both cases. The trial court notified Snowden of his post-release control obligations.

{¶ 14} The trial court's original judgment entry in this case, filed on February 9, 2018, ordered the sentences to be served concurrently with each other and the sentences imposed in Case No. 2016 CR 3549/1. On March 20, 2018, the trial court filed an amended judgment entry, which ordered the aggravated robbery sentences to be served concurrently with each other, but consecutively to the murder sentence and to the sentences imposed in 2016 CR 3549/1; the 36-month sentence for intimidation of a

witness was ordered to be served concurrently with all other charges and Case No. 2016 CR 3549/1.

{¶ 15} Snowden filed a notice of appeal on March 21, 2018 in this case; we have permitted Snowden to pursue a delayed appeal. Snowden has not appealed his conviction in Case No. 2016 CR 3549/1.

{¶ 16} On March 30, 2018, the trial court filed an additional amended judgment entry, nunc pro tunc, in this case. This judgment entry stated that the sentences for aggravated robbery were to be served concurrently with each other and the murder sentence, but consecutively to the sentences in 2016 CR 3549/1; the 36-month sentence for intimidation of a witness was to be served concurrently with all other charges and Case No. 2016 CR 3549/1.

{¶ 17} Snowden's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she found no non-frivolous issues for appeal. Upon an initial review of the record, we found at least two non-frivolous issues related to (1) the trial court's statements in its original and amended judgment entries regarding whether the sentences would be served concurrently or consecutively, and (2) the trial court's award of 94 days of jail time credit. We rejected the *Anders* brief and appointed new counsel for Snowden.

{¶ 18} Snowden, with new counsel, now raises two assignments of error.

## II. Judgment Entries

{¶ 19} In his first assignment of error, Snowden claims that the trial court erred in filing two amended termination entries dated March 20, 2018 and March 30, 2018. He argues that the February 9, 2018 judgment entry was a valid judgment, and the court

lacked authority to modify it. Snowden acknowledges that a court may correct clerical errors, pursuant to Crim.R. 36, but argues that Crim.R. 36 did not apply in this case.

**{¶ 20}** A trial court generally lacks jurisdiction to modify its own valid final judgment in a criminal case. *See, e.g., State v. Baker*, 2d Dist. Greene No. 2017-CA-55, 2018-Ohio-1865, ¶ 21; *State v. Plemons*, 2d Dist. Montgomery Nos. 26434, 26435, 26436 & 26437, 2015-Ohio-2879, ¶ 21. Under Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." " 'Clerical errors subject to correction by the court include a mistake or omission that is mechanical in nature and apparent on the record that does not involve a legal decision or judgment. Corrections are proper to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide.' " (Citations omitted.) *Baker* at ¶ 16, quoting *State v. Burton*, 12th Dist. Clermont No. CA2013-09-071, 2014-Ohio-1692, ¶ 14.

**{¶ 21}** In its brief, the State concedes that neither amended judgment entry accurately reflected the sentence imposed at the sentencing hearing. The State asserts, however, that the original judgment entry contained one clerical error, in that it ordered the sentences in this case to be served concurrently with the sentences in Case No. 2016 CR 3549/1. The State notes that the trial court made no such statement at sentencing.

**{¶ 22}** The State agrees with Snowden that the two amended termination entries must be vacated, because they failed to accurately reflect the trial court's actions during the sentencing hearing. The sentencing hearing reflects that all counts in this case were ordered to be served concurrently to each other. However, the State asserts, and we

agree, that the original judgment entry should be corrected to remove any reference to Case No. 2016 CR 3549/1, pursuant to Crim.R. 36. The trial court made no statements at the sentencing hearing about whether the sentences in this case would run concurrently or consecutively to the sentences in Case No. 2016 CR 3549/1; rather, the trial court's statements regarding the sentences in this case were limited to ordering that all the counts be served concurrently.

{¶ 23} Snowden's first assignment of error is sustained.

### III. Jail Time Credit

{¶ 24} In his second assignment of error, Snowden claims that the trial court erred in its calculation of jail time credit. He states that he is entitled to jail time credit for the entire time of his pretrial incarceration, because his sentences in his two cases were run concurrently. Snowden asks that we either (1) remand for the trial court to determine the proper amount of jail time credit or (2) provide instructions to the trial court as to the proper amount of jail time credit.

{¶ 25} R.C. 2967.191, governing jail time credit, implements the equal protection right to credit for prior incarceration. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440; *State v. Angi*, 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840, ¶ 7, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5. At the time of Snowden's sentencing,[1] the statute provided, in part:

> The department of rehabilitation and correction shall reduce the stated
>
> prison term of a prisoner * * * by the total number of days that the prisoner

---

[1] R.C. 2967.191 was most recently revised, effective March 22, 2019, to address the new sentencing structure with definite and indefinite sentences.

was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, [and] confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

{¶ 26} "Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

{¶ 27} The record reflects that Snowden was served with the "A" indictment in this case on April 22, 2017. The sheriff's return of service stated that Snowden was "presently in Montgomery County Jail." On April 25, 2017, bail was set as a $1 million surety bond; Snowden remained incarcerated throughout the case. The jail time credit portion of the presentence investigation report indicated that Snowden had been incarcerated on the charges from April 21, 2017 until February 7, 2018, amounting to 293 days; the trial court awarded 94 days of jail time credit.

{¶ 28} The State agrees with Snowden that the trial court erred in awarding only 94 days of jail time credit. The State asks that we vacate the award of 94 days and remand for the trial court "to either adopt the PSI's calculation, explain its reasons for departing from the recommendation, or award a greater amount of credit based on any argument Snowden might make on remand."

{¶ 29} While the record before us suggests that Snowden is entitled 293 days of jail time credit, it is possible that Snowden may be entitled to more or less than that amount, based on the record in Case No. 2016 CR 3549/1. The record in Case No. 2016 CR 3549/1 is not before us. Accordingly, we conclude that the proper remedy is to remand to the trial court to determine the appropriate amount of jail time credit to which Snowden is entitled.

{¶ 30} Snowden's assignment of error is sustained.

## IV. Conclusion

{¶ 31} For the reasons stated above, the trial court's March 20, 2018 and March 30, 2018 amended judgment entries will be vacated. The trial court's sentence in its February 9, 2018 judgment entry will be reversed insofar as it awarded 94 days of jail time credit. The matter will be remanded for the trial court to determine the appropriate amount of jail-time credit and to correct its judgment entry to remove any reference to Case No. 2016 CR 3549/1 in its sentences. In all other respects, the judgment of the trial court will be affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck
Michael J. Scarpelli
David R. Miles
Hon. Dennis J. Adkins