[Cite as *State v. Van Tielen*, 2016-Ohio-1288.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| STATE OF OHIO, | : | |
| :--- | :--- | :--- |
| Plaintiff-Appellee, | : | CASE NO.   CA2015-09-025 |
| | : | O P I N I O N |
| - vs - | | 3/28/2016 |
| | : | |
| JOHN VAN TIELEN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2010-2037


Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

John Van Tielen, #A629095, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se


**PIPER, P.J.**

{¶ 1}   Defendant-appellant, John Van Tielen, appeals a decision of Brown County Court of Common Pleas, denying his motion to be resentenced.

{¶ 2}   Van Tielen has previously been before this court three times, arguing issues specific to his convictions for pandering sexually-oriented material involving a minor.  Van Tielen was arrested after a multi-state investigation was conducted regarding the sharing of

child pornography over the internet. A search warrant was executed on Van Tielen's computer, and officials located ten different photographs containing graphic child pornography.

{¶ 3} Van Tielen was indicted on ten counts of pandering sexually-oriented material involving a minor. Van Tielen pled guilty to four of the counts, and the remaining six counts were dismissed. The trial court ordered a presentence investigation, and later held a sentencing hearing at which it sentenced Van Tielen to six years on each of the counts to which he pled guilty. Each six-year sentence was mandatory because Van Tielen had previously been convicted of rape and attempted rape. The trial court ordered the sentences to run consecutive to one another, for a total aggregate sentence of 24 years.

{¶ 4} However, the trial court's original sentencing entry failed to indicate that the six-year sentences were mandatory. Three days after the sentencing hearing, the trial court issued a nunc pro tunc entry in which it corrected its previous sentencing entry by notating that each of the four six-year sentences were mandatory.

{¶ 5} Van Tielen first filed a direct appeal through counsel, alleging that the trial court erred in ordering consecutive sentences. This court affirmed the trial court's decision. *State v. Van Tielen*, 12th Dist. Brown No. CA2010-06-011 (Mar. 7, 2011) (accelerated calendar judgment entry), *appeal not accepted*, 129 Ohio St.3d 1410, 2011-Ohio-3244. Van Tielen then moved the trial court to withdraw his guilty pleas. The trial court denied the motion, and Van Tielen appealed the trial court's denial of his motion to withdraw his guilty pleas. This court again affirmed the trial court's decision. *State v. Van Tielen*, 12th Dist. Brown No. CA2012-04-007, 2013-Ohio-446, *appeal not accepted,* 135 Ohio St.3d 1461, 2013-Ohio-2285. Van Tielen then filed another motion in the trial court, asking the court to resentence him. Van Tielen argued that his sentence was void because the trial court wrongly issued its nunc pro tunc entry indicating that each of the six-year sentences were mandatory. The trial

court denied Van Tielen's motion for resentencing. Van Tielen appealed for a third time, and this court affirmed. *State v. Van Tielen*, 12th Dist. Brown No. CA2013-11-012, 2014-Ohio-4421, *appeal not accepted*, *State v. Tielen*, 142 Ohio St.3d 1467, 2015-Ohio-1896.

{¶ 6}   Most recently, Van Tielen filed a motion with the trial court, asking the court to correct what Van Tielen deemed a "void" sentencing entry. Van Tielen claimed that the trial court's sentencing entry was invalid because within it, the trial court noted that it had considered all relevant sentencing factors pursuant to "Section 2929 et. Seq. of the Ohio Revised Code" rather than making specific reference to each of the sections the trial court considering before sentencing Van Tielen.

{¶ 7}   In response, the trial court issued an entry setting aside its nunc pro tunc sentencing entry, and ordered Van Tielen to appear for resentencing. The trial court did not give specific reasons for resentencing Van Tielen, but did note that its decision was based in part on our holding in *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093. In *Smith*, this court reversed the appellant's sentence because the trial court failed to make consecutive sentence findings and incorporate them into its sentencing entry.

{¶ 8}   The record indicates that Van Tielen's resentencing hearing was set to occur, and he was moved to the county jail to await resentencing. However, before the hearing occurred, the trial court reviewed the record and pertinent case law, and determined that it did not need to hold a resentencing hearing because our prior decisions had affirmed Van Tielen's sentences. As such, the trial court issued an entry in which it overruled Van Tielen's motion for resentencing.

{¶ 9}   Van Tielen was returned to prison without ever appearing before the trial court. Despite the trial court's decision denying Van Tielen's motion, it did not otherwise reinstitute its original sentencing entry that it had set aside when it first granted Van Tielen's motion. Van Tielen now appeals the trial court's decision to ultimately deny his motion for

- 3 -

resentencing, raising three assignments of error for review.

{¶ 10} Van Tielen's first and third assignments of error essentially challenge the trial court's decision not to resentence him. As previously stated, Van Tielen was sentenced to consecutive sentences. The trial court made the requisite findings during the sentencing hearing, but did not incorporate the findings within its judgment entry. At first, the trial court believed that it had to resentence Van Tielen entirely, and that it had to hold a resentencing hearing with Van Tielen present.

{¶ 11} The trial court based its reasoning on this court's decision in *Smith* in which we reversed Smith's sentence "because the trial court failed to make the required statutory findings under R.C. 2929.14(C)(4) during the sentencing hearing at the time it imposed consecutive sentences, and did not incorporate the required findings into its sentencing entry* * *." *Smith*, 2015-Ohio-1093 at ¶ 11. However, *Smith* was specific to an instance where the trial court did not make the statutory findings *during the sentencing hearing*, which makes its holding inapplicable to the case at bar.

{¶ 12} The Ohio Supreme Court has specifically addressed the impact of a trial court making consecutive sentence findings at the sentencing hearing but not incorporating such findings into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 218, 2014-Ohio-3177, ¶ 29. The court determined that a trial court's "inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30.

{¶ 13} As such, the trial court was correct that it was not required to hold a resentencing hearing. However, the trial court must issue a nunc pro tunc sentencing entry to correct the fact that it failed to incorporate the consecutive sentence findings into its

sentencing entry.

{¶ 14} Regarding the trial court's notation in its original nunc pro tunc entry that it had considered "Section 2929 et. Seq. of the Ohio Revised Code," there is no statutory or common law requirement that the trial court incorporate any specific findings in its sentencing entry specific to the principles and purposes of sentencing, as well as the seriousness and recidivism factors found in R.C. 2929.11 and R.C. 2929.12. Instead, the law only requires that the record demonstrate that the trial court properly *considered* the purposes and principles of sentencing as well as the seriousness and recidivism factors of R.C. 2929.11 and R.C. 2929.12. *See State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38 (noting that a trial court need only "carefully consider" the relevant sentencing statutory factors, but need not making findings regarding R.C. 2929.11 or R.C. 2929.12).

{¶ 15} The record is clear that the trial court properly considered the factors. As previously stated, the trial court made specific reference to the relevant factors during the sentencing hearing, and also stated in its sentencing entry that it considered "the principles of sentencing" and "all relevant factors including but not limited to Section 2929 et. Seq. of the Ohio Revised Code," which would specifically include R.C. 2929.11 and R.C. 2929.12. As such, the trial court did not err in failing to consider the relevant statutory factors. Even so, and if it so chooses for the sake of clarity, the trial court can make reference to the specific statutory sections it considered when issuing its nunc pro tunc entry on remand.

{¶ 16} The record indicates that the trial court properly considered the statutory factors and properly made the consecutive sentence findings as required by Ohio law. As such, and on remand, the trial court's issuance of a nunc pro tunc entry will correct the previous failure to incorporate the findings it made during the sentencing hearing into a proper sentencing entry. However, in every other respect, Van Tielen's sentences are valid, and were not rendered void by the clerical error within the trial court's sentencing entry. As such, the trial

court is not required to hold a resentencing hearing, and Van Tielen need not be present for the issuance of the nunc pro tunc entry.

{¶ 17} Van Tielen's first and third assignments of error are therefore sustained in part, insofar as the trial court must issue a nunc pro tunc entry to incorporate its findings regarding consecutive sentences. However, Van Tielen's first and third assignments of error are overruled in part because the failure to incorporate findings and consideration of specific statutes into the sentencing entry did not make the sentence void.

{¶ 18} Van Tielen argues in his second assignment of error that the trial court made improper findings during the sentencing hearing. During sentencing, the trial court made reference to its consideration of the purposes and principles of sentencing, as well as the seriousness factors set forth in Ohio's sentencing statute. One factor it considered was that when children are forced to be the subjects in child pornography photographs, they are victims and carry scars from such compelled participation. The trial court made reference to a prior sentencing hearing it conducted, and quoted itself as having said that "we are the wards of our children, and the protector of our children." Van Tielen argues that the trial court should not have made reference to its prior sentencing hearing.

{¶ 19} Even though we find no error in the trial court's statement, we need not address Van Tielen's argument because such is barred by res judicata. The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10.

{¶ 20} Van Tielen has appealed his convictions and sentence to this court three times.

Therefore, Van Tielen should have argued that the trial court's statement at sentencing was improper on his direct appeal. His failure to do so has rendered his argument barred by res judicata.

{¶ 21} Judgment affirmed in part, reversed in part, and the cause is remanded for the limited purpose of issuing a nunc pro tunc sentencing entry according to law and consistent with this opinion.

S. POWELL and HENDRICKSON, JJ., concur.