[Cite as *State v. Wofford*, 2016-Ohio-7188.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-03-057 |
| | : | O P I N I O N |
| - vs - | | 10/3/2016 |
| | : | |
| JUAN WOFFORD, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-06-0993


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Juan Wofford, #710-454, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601, defendant-appellant, pro se


**PIPER, P.J.**

{¶ 1} Defendant-appellant, Juan Wofford, appeals a decision of the Butler County Court of Common Pleas, denying his request for a finding of a justiciable claim.

{¶ 2} In 2014, Wofford pled guilty to felonious assault and having weapons under disability, but later moved the trial court to withdraw his plea. The trial court denied Wofford's motion to withdraw his plea and instead imposed an 11-year prison sentence. Wofford then

appealed his convictions and sentence to this court, and we overruled Wofford's four assignments of error in which he challenged the voluntariness of his plea, claimed ineffective assistance of counsel, alleged a double jeopardy violation, and also argued that the prosecutor committed misconduct by withholding exculpatory evidence. *State v. Wofford*, 12th Dist. Butler No. CA2014-10-210, 2015-Ohio-3708.

{¶ 3} Before we issued our decision affirming the convictions, Wofford filed a motion in the trial court to void the judgment and a petition for postconviction relief. The trial court denied each motion, and Wofford appealed again. However, we dismissed Wofford's appeal because his notice of appeal was not filed in a timely manner, thus divesting this court of jurisdiction.

{¶ 4} Wofford also filed a motion with the trial court requesting it issue a finding of a justiciable claim, as required by R.C. 149.43(B)(8), in order for him to obtain a copy of the discovery from his case. The trial court denied the motion, finding that there were no pending proceedings for which the public records requested by Wofford would be necessary. Wofford now appeals the trial court's denial of his motion for a justiciable claim, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ERRED AND OR ABUSED ITS DISCRETION IN FINDING THAT APPELLANT DID NOT HAVE A JUSTICIABLE CLAIM AND THAT THE CLAIM WAS BARRED BY RES JUDICATA.

{¶ 6} Wofford argues in his assignment of error that the trial court erred by denying his motion for a justiciable claim.

{¶ 7} Pursuant to R.C. 149.43(B)(8), "[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 14. Accordingly, "R.C. 149.43(B)(8) requires an incarcerated

criminal offender who seeks records relating to an inmate's criminal prosecution to obtain a finding by the sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim." *State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, ¶ 2.

{¶ 8} R.C. 149.43(B)(8) expressly provides,

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶ 9} A justiciable claim is one that is properly brought before a court of justice for relief. *State v. Cope*, 12th Dist. Butler No. CA2015-02-017, 2015-Ohio-3935, ¶ 15. Establishing a justiciable claim involves identifying a pending proceeding with respect to which the requested documents would be material. *State v. Rodriguez*, 12th Dist. Preble No. CA2013-11-011, 2014-Ohio-2583, ¶ 14. As such, one cannot sufficiently carry his or her burden by merely alluding to possible future proceedings that could result from access to the records. *Cope* at ¶ 15.

{¶ 10} A trial court's decision with respect to whether an inmate has established a justiciable claim is reviewed under an abuse of discretion standard. *Rodriquez* at ¶ 14. A trial court's decision will not be reversed for an abuse of discretion unless such decision was unreasonable, arbitrary or unconscionable. *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34.

{¶ 11} After reviewing the record, we find that the trial court did not abuse its

discretion in denying Wofford's request for a justiciable claim. The record indicates that at the time Wofford filed his motion, there were no pending proceedings for which his public records request would have proved material. Wofford had already exhausted his direct appeal, and as previously stated, challenged the voluntariness of his plea and other issues regarding his convictions and sentence. This court addressed each of Wofford's arguments, and affirmed his convictions and sentence.

{¶ 12} Thereafter, the Ohio Supreme Court declined to accept jurisdiction over Wofford's attempt to appeal his convictions and sentence. *State v. Wofford*, 144 Ohio St.3d 1461, 2016-Ohio-172. Even so, Wofford argues that the trial court abused its discretion because at the time he filed his motion for a justiciable claim, December 7, 2015, his appeal request was still pending before the Ohio Supreme Court. However, the pending request for jurisdiction was not a proceeding given that an appeal to the supreme court was discretionary, and moreover, the supreme court declined jurisdiction on January 20, 2015 — approximately a month before the trial court issued its decision. Wofford then filed a petition for postconviction relief and moved the trial court to void his sentence and convictions. The trial court denied these motions.

{¶ 13} The trial court determined, and we agree, that upon the exhaustion of Wofford's direct appeal and petition for postconviction relief, future claims would be barred by res judicata. The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10.

{¶ 14} Wofford's public records request was specific to the discovery performed in his

- 4 -

case, and he argues that such discovery is necessary "to support his claim that he was denied effective assistance of counsel during the trial proceeding where he was mislead [sic] into taking a guilty plea without reviewing all the evidence against him." Thus, Wofford's hope is to again challenge the denial of his motion to withdraw his guilty plea, which was the exact matter already addressed by this court in Wofford's direct appeal as well as the trial court's denial of Wofford's petition for postconviction relief wherein he challenged the denial of his motion to withdraw his guilty plea.

{¶ 15} Wofford also suggests that he has a justiciable claim because he has sought review of his case from the United States Supreme Court, and filed a petition for a writ of certiorari on April 15, 2016. This filing was, however, completed after the trial court's entry on February 23, 2016 denying Wofford's motion for a justiciable claim. Moreover, the law is clear that Wofford cannot sufficiently carry his burden of showing a justiciable claim by merely alluding to *possible* future proceedings that *could* result from access to the records.

{¶ 16} Given the lack of pending proceedings in which the documents requested by Wofford would be necessary, the trial court properly denied Wofford's motion for a justiciable claim. As such, Wofford's single assignment of error is overruled.

{¶ 17} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.