[Cite as *State v. Van Tielen*, 2017-Ohio-2799.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-10-020 |
| | : | O P I N I O N |
| - vs - | | 5/15/2017 |
| | : | |
| JOHN VAN TIELEN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2010-2037

Zachary Corbin, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

John Van Tielen, #A629095, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, John Van Tielen, appeals a decision of Brown County Court of Common Pleas, denying his motion for return of property. For the reasons detailed below, we reverse the decision of the trial court and remand this matter for further proceedings.

{¶ 2} Van Tielen has previously been before this court several times, arguing issues

related to his convictions for pandering sexually-oriented material involving a minor. Van Tielen was arrested after a multi-state investigation was conducted regarding the sharing of child pornography over the internet. A search warrant was executed on Van Tielen's computer, and officials located photographs containing graphic child pornography.

{¶ 3} On March 17, 2010, Van Tielen pled guilty to four counts of pandering sexually-oriented material involving a minor. The trial court ordered Van Tielen to six years' imprisonment on each of the counts. Each six-year sentence was mandatory because Van Tielen had previously been convicted of rape and attempted rape. The trial court ordered the sentences to run consecutive to one another, for a total aggregate sentence of 24 years.

{¶ 4} Van Tielen has since filed several appeals related to his conviction and sentence.[1] This appeal does not relate to Van Tielen's conviction or sentence, but instead involves his June 13, 2016 motion for return of property. At the time, Van Tielen did not have any pending matters on appeal. The trial court denied Van Tielen's motion in a judgment entry, relying on principles of res judicata. Van Tielen now appeals, raising three assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN IT CLAIMED IT DOES NOT HAVE JURISDICTION AND REFUSED TO RETURN APPELLANT'S PROPERTY.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE COURT OF COMMON PLEAS COMMITTED [sic] BY NOT FOLLOWING

---

1. *State v. Van Tielen*, 12th Dist. Brown No. CA2010-06-011 (Mar. 7, 2011) (Accelerated Calendar Judgment Entry), *appeal not accepted*, 129 Ohio St. 3d 1410, 2011-Ohio-3244; *State v. Van Tielen*, 12th Dist. Brown No. CA2012-04-007, 2013-Ohio-446, *appeal not accepted*, 135 Ohio St. 3d 1461, 2013-Ohio-2285; *State v. Van Tielen*, 12th Dist. Brown No. CA2013-11-012, 2014-Ohio-4421, *appeal not accepted*, 142 Ohio St. 3d 1467, 2015-Ohio-1896; and *State v. Van Tielen*, 12th Dist. Brown No. CA2015-09-025, 2016-Ohio-1288.

STATUTORY REQUIREMENTS WHEN THE COURT REFUSED TO RETURN APPELLANT'S PROPERTY WITHOUT FOLLOWING MANDATES OF R.C. 2981 ET SEQ AND 2941.17.

{¶ 9} Assignment of Error No. 3:

{¶ 10} THE COURT OF COMMON PLEAS COMMITTED ERROR WHEN IT ATTACHED RES JUDICATA TO APPELLANT'S MOTION FOR RETURN OF PROPERTY.

{¶ 11} Van Tielen's assignments of error are interrelated and may be addressed together. In the present case, Van Tielen argues that the trial court erred by denying his motion on the basis of res judicata. Procedurally, we agree with Van Tielen because his motion was not barred by res judicata.

{¶ 12} The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Wofford*, 12th Dist. Butler No. CA2016-03-057, 2016-Ohio-7188, ¶ 13. A determination of whether the doctrine of res judicata bars an action is a question of law which this court reviews de novo. *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 21.

{¶ 13} Forfeiture proceedings are governed by R.C. Chapter 2981, which identifies procedures and property subject to forfeiture. The record before this court is limited, however, we agree that the trial court should not have resolved this issue on the basis of res judicata because a trial court lacks jurisdiction to consider a motion to return property during the pendency of an appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978) (once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal); *see State v. Graham*, 12th Dist.

Warren No. CA2014-04-062, 2015-Ohio-576, ¶ 26.

{¶ 14} It is undisputed that the state did not allege forfeiture of property in this case and did not include a forfeiture specification in the indictment. Following his guilty plea, Van Tielen filed a litany of appeals to his conviction and sentence. However, at the time Van Tielen requested the return of his property, there were no pending matters on appeal. The trial court could not have considered the forfeiture issue until Van Tielen filed his motion in the present case. Accordingly, we find the trial court erred by resolving this issue on the basis of res judicata. We reverse the decision of the trial court and remand this matter for a determination of whether Van Tielen's property is subject to return or forfeiture based on relevant law.

{¶ 15} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.