[Cite as *State v. Van Tielen*, 2018-Ohio-3421.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-02-002 |
| | : | O P I N I O N |
| - vs - | | 8/27/2018 |
| | : | |
| JOHN VAN TIELEN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2010 2037

Zachary A. Corbin, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, OH 45121, for plaintiff-appellee

John Van Tielen, #A629095, Chillicothe Correctional Institution, 15802 State Route North 104, Chillicothe, Ohio 45601, pro se

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, John Van Tielen, appeals the decision of the Brown County Court of Common Pleas denying his motion for return of property after he pled guilty to four counts of pandering sexually-oriented material involving a minor. For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2} Van Tielen is no stranger to this court having previously filed several appeals related to his conviction and sentence. *State v. Van Tielen*, 12th Dist. Brown No. CA2010-06-011 (Mar. 7, 2011) (Accelerated Calendar Judgment Entry), appeal not accepted, 129 Ohio St. 3d 1410, 2011-Ohio-3244; *State v. Van Tielen*, 12th Dist. Brown No. CA2012-04-007, 2013-Ohio-446, appeal not accepted, 135 Ohio St. 3d 1461, 2013-Ohio-2285; *State v. Van Tielen*, 12th Dist. Brown No. CA2013-11-012, 2014-Ohio-4421, appeal not accepted, 142 Ohio St. 3d 1467, 2015-Ohio-1896; and *State v. Van Tielen*, 12th Dist. Brown No. CA2015-09-025, 2016-Ohio-1288.

{¶ 3} Van Tielen was arrested after a multi-state investigation was conducted regarding the sharing of child pornography over the internet. As part of this investigation, a search warrant was issued, which led to the discovery of photographs depicting graphic child pornography on Van Tielen's computer. After entering into a plea agreement, Van Tielen pled guilty to four counts of pandering sexual-oriented material involving a minor. The trial court accepted Van Tielen's guilty plea and sentenced Van Tielen to serve a mandatory total aggregate sentence of 24 years in prison. It is undisputed the prison sentence imposed by the trial court was mandatory due to Van Tielen having previously been convicted of rape and attempted rape.

{¶ 4} While most of Van Tielen's previous appeals challenged his underlying conviction and sentence, this appeal involves Van Tielen's motion for return of property. As part of this motion, Van Tielen requested the trial court return to him the computer, "thumb drives," and "SD cards" confiscated by the Brown County Sheriff's Office during the execution of the search warrant.[1] The trial court denied Van Tielen's motion upon finding

---

1. Often referred to as a flash drive, data stick, or pen drive, a "thumb drive" is a portable storage device used to store high volumes of data, such as digital photographs. Similarly, an "SD card" is a portable memory card

Van Tielen's request was barred by the doctrine of res judicata.

{¶ 5} Finding a procedural defect in the trial court's decision, this court reversed the trial court's decision in *State v. Van Tielen*, 12th Dist. Brown No. CA2016-10-020, 2017-Ohio-2799. In so holding, this court found "[t]he trial court could not have considered the forfeiture issue until Van Tielen filed his motion [for return of property]. Accordingly, we find the trial court erred by resolving this issue on the basis of res judicata." *Id*. at ¶ 14. The matter was then remanded to the trial court "for a determination of whether Van Tielen's property is subject to return or forfeiture based on relevant law." *Id*.

{¶ 6} Upon remand, Van Tielen filed a "Motion in Support of Appellate Courts Decision" arguing the computer, thumb drives, and SD cards at issue were not subject to forfeiture and should be returned to him. Several months after Van Tielen filed his motion, but prior to when the trial court issued its decision, the state filed a memorandum at the trial court's request indicating the Brown County Sheriff's Office had in its possession only Van Tielen's computer, but not any thumb drives or SD cards. Because Van Tielen's computer contained – and likely still contains – photographs depicting graphic child pornography, the state argued Van Tielen's computer was contraband that contained obscene material subject to destruction in accordance with R.C. 2901.01(A)(13) and 2981.12(A)(3).

{¶ 7} Van Tielen filed a motion to strike the state's memorandum. In support, Van Tielen argued the state's memorandum was untimely in that it was filed several months after his motion for return of property. The trial court denied Van Tielen's motion to strike. In reaching this decision, the trial court noted that it had requested the state to provide the trial court with "information as to what property was actually in the possession of the Brown County Sheriff's Office or the Prosecuting Attorney." The state's memorandum, therefore,

designed to provide high-capacity data storage that is used in many small portable devises such as digital video camcorders, digital cameras, mobile phones, and computers.

was not subject to the trial court's local rules setting forth filing deadlines for responsive memoranda.

{¶ 8} After denying Van Tielen's motion to strike, the trial court issued a decision overruling Van Tielen's motion for return of property. In so holding, the trial court noted that no evidence was ever admitted to the trial court due to Van Tielen's guilty plea. The trial court also noted that based on the state's memorandum, the only property in the possession of either the state or the Brown County Sheriff's Office was Van Tielen's computer, a computer that Van Tielen admitted contained photographs depicting graphic child pornography through his guilty plea. Therefore, because Van Tielen's computer was the only property in the possession of either the state or the Brown County Sheriff's Office, the trial court declined to make any order regarding the thumb drives or SD cards Van Tielen alleged was in their possession. As the trial court stated, "[h]opefully they were destroyed as contraband."

### Appeal

{¶ 9} Van Tielen now appeals from the trial court's decision denying his motion for return of property, raising three assignments of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED WHEN IT FOUND THE COMPUTER TOWER CONTAINED CONTRABAND AND MUST BE DESTROYED.

{¶ 12} In his first assignment of error, Van Tielen argues the trial court erred by finding the computer confiscated by the Brown County Sheriff's Office contained contraband; specifically, photographs depicting graphic child pornography. We disagree with Van Tielen's claim for the record is clear that the computer at issue contained – and likely still contains – photographs depicting graphic child pornography. Van Tielen's claim otherwise is simply incorrect.

- 4 -

{¶ 13} As noted above, Van Tielen pled guilty to four counts of pandering sexual-oriented material involving a minor regarding these same, or substantially similar, photographs. As a result, should this court find error in the trial court's decision, thereby ordering the computer at issue be returned to Van Tielen, a convicted rapist currently serving a mandatory 24-year prison sentence, would subject Van Tielen to further prosecution for again possessing photographs depicting graphic child pornography. Therefore, considering Van Tielen's own interests in avoiding further prosecution, the trial court did not err by denying Van Tielen's motion for return of property.

{¶ 14} Simply stated, regardless of any default that may have been made in applying the forfeiture statute, because the computer at issue contained photographs depicting graphic child pornography, the computer and its hard drives must be destroyed. The same is true regarding the thumb drives and SD cards had those items been located. This is because, as the Ohio Supreme Court noted, computer files that have been deleted may oftentimes still be recovered. *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commissioners*, 120 Ohio St.3d 372, 2008-Ohio-6253, ¶ 24-25, citing Haig, 2 *Business and Commercial Litigation in Federal Courts* (2d Ed.2007), Section 21:33 ("[e]lectronic data that has been deleted is often retrievable through back-up systems").

{¶ 15} As noted by the United States Supreme Court in *Bennis v. Michigan*, 516 U.S. 442, 452 (1996), forfeiture of property prevents further illicit use of the property. Therefore, because the computer at issue contained – and likely still contains – photographs depicting graphic child pornography, the property at issue must be destroyed. Nobody should be in possession of such property, let alone someone in Van Tielen's position. Van Tielen's first assignment of error lacks merit and is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT

DECLINED TO ORDER THE RETURN OF THE REMAINDER OF DEFENDANT'S PROPERTY.

{¶ 18} In his second assignment of error, Van Tielen argues the trial court erred by denying his request to order the state and the Brown County Sheriff's Office to return the thumb drives and SD cards confiscated during the execution of the search warrant. The trial court, however, found neither the state nor the Brown County Sheriff's Office had any of those items in their possession. The trial court cannot order the return of property that neither the state nor the Brown County Sheriff's Office possess. *See, e.g., State v. Graham*, 12th Dist. Warren No. CA2014-04-062, 2015-Ohio-576, ¶ 30 (affirming trial court's decision denying appellant's motion for return of property where the "items of personal property" requested were not in the state's possession).

{¶ 19} Moreover, just as the trial court found, because the thumb drives and SD cards confiscated by the Brown County Sheriff's Office may have contained photographs depicting graphic child pornography, we hope these items have since been destroyed as contraband. Again, as this court stated previously, nobody should be in possession of such property, let alone someone in Van Tielen's position. Van Tielen's claim otherwise lacks merit.

{¶ 20} Van Tielen claims this case is analogous to a situation where your neighbor loses a piece of your lawn equipment. Van Tielen also claims this case is akin to a situation where "the Sherriff's Office had seized a large sum of money, say a couple hundred thousand dollars, that had subsequently 'gone missing' and could no longer be found[.]" We disagree with Van Tielen's claims. Unlike a case where a neighbor loses another's lawn equipment, or a case in which a law enforcement agency misplaces "a large sum of money," this case involves property that contained photographs depicting graphic child pornography. Once again, nobody should be in possession of such property, let alone someone in Van

Tielen's position. Van Tielen's second assignment of error lacks merit and is overruled.

{¶ 21} Assignment of Error No. 3:

{¶ 22} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ACCEPTED APPELLEE'S RESPONSE FILED MORE THATN (sic) FIVE MONTHS LATE WITHOUT GOOD CAUSE.

{¶ 23} In his third assignment of error, Van Tielen argues the trial court erred by denying his motion to strike the state's memorandum as untimely in accordance with the trial court's local rules. However, as the record indicates, the trial court requested the state to file the challenged memorandum so that it would have "information as to what property was actually in the possession of the Brown County Sheriff's Office or the Prosecuting Attorney." The state's memorandum, therefore, was not subject to the trial court's local rules setting forth when responsive memoranda must be filed. How a trial court manages its docket is wholly within the trial court's discretion. *In re J.T.S.*, 12th Dist. Preble No. CA2014-09-009, 2015-Ohio-364, ¶ 13, citing *Paramount Parks, Inc. v. Admiral Ins. Co.*, 12th Dist. Warren No. CA2007-05-066, 2008-Ohio-1351, ¶ 37 (reiterating that "[i]t is well-settled that a trial court has the inherent power to control its own docket and the progress of the proceedings in its court"). There is no abuse of that discretion here. Van Tielen's third assignment of error lacks merit and is overruled.

**Conclusion**

{¶ 24} As the trial court stated in its decision overruling Van Tielen's motion for return of property, "[t]his court will not make any order returning child pornography to a convicted sex offender unless it is ordered to do so by a higher court." This court declines to make such an order. Therefore, finding no error in the trial court's decision denying Van Tielen's motion for return of property; specifically, the computer, thumb drives, and SD cards confiscated by the Brown County Sheriff's Office during the execution of the search warrant,

the trial court's decision to deny Van Tielen's motion for return of property is affirmed.

{¶ 25} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.