[Cite as *State v. Martre*, 2022-Ohio-639.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                   Court of Appeals No.  L-21-1199

      Appellee                           Trial Court No.  CR2017-1937

v.

Derrick Martre, Sr.                          **DECISION AND JUDGMENT**

      Appellant                          Decided:  March 4, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Derrick Martre, Sr., pro se.

* * * * *

**ZMUDA, J.**

## I.      Introduction

{¶ 1} This matter is before the court upon the pro se appeal of the Lucas County

Court of Common Pleas judgment, denying the request for return of property of

appellant, Derrick Martre.  Finding no error, we affirm.

## II.    Background and Procedural History

{¶ 2} This matter originated with indictment on June 2, 2017.  Appellant was charged with one count of domestic violence in violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree.  In prosecuting that charge, the state obtained video and images from appellant's cell phone, pursuant to a search warrant.  The video and images depicted criminal acts arising in Lima, Ohio, and this evidence was forwarded to that jurisdiction for additional proceedings.

{¶ 3} On August 17, 2017, appellant filed a motion in limine to preclude the state from introducing "images from his telephone as evidence," arguing the videos "supposedly taken in Lima, Ohio" were unrelated to the incident alleged in the domestic violence case.

{¶ 4} The next day, appellant entered a plea of guilty to the lesser offense of attempted domestic violence in violation of R.C. 2923.02 and 2929.25(A) and (D)(3), a felony of the fifth degree, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).  The trial court sentenced him to a one-year term of community control, with 6 months to be served at CCNO, and credit for 86 days.  On November 28, 2017, the trial court ordered appellant's community control terminated unsuccessfully.  While not part of the record of this appeal, the parties appear to agree that the Allen County Court of Common Pleas sentenced appellant to a 12-year aggregate term arising from charges based on the video and/or images taken from the cell phone.

2.

{¶ 5} Over a year later, on December 14, 2018, appellant filed a pro se motion for discovery. Within the motion, appellant acknowledged the use of the evidence obtained from his cell phone in the Allen County criminal proceedings, and he sought discovery as part of his appeal of the Allen County conviction. On March 21, 2019, the trial court denied the motion for discovery.

{¶ 6} On March 26, 2019, appellant filed a motion to subpoena the search warrant used to access video and/or images from his cell phone, seeking a copy of the warrant. On March 29, 2019, the trial court denied the motion.

{¶ 7} On April 12, 2019, appellant filed a motion for release of property, noting he had secured a copy of the warrant from the Toledo Municipal Court. Within his latest motion, appellant sought a return of his cell phone and requested "a document be sent to Allen County Common Pleas Court under Case# 20170387 stating the data downloaded from my phone was illegally obtained." On May 21, 2019, the trial court denied the motion.

{¶ 8} On May 2, 2019, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In support, he argued his Fourth Amendment rights were violated by the seizure and subsequent search of his cell phone, and that the data obtained was therefore inadmissible in the Allen County proceeding. On July 17, 2019, the state filed opposition to the motion, noting the search warrant obtained in the present case as well as the separate determination in the Allen County proceedings that the cell phone

3.

warrant was proper, relative to a ruling on a motion to withdraw the plea in that case. On August 9, 2019, the trial court denied the motion. Appellant appealed the denial of his May 2, 2019 motion to withdraw guilty plea on August 26, 2019 in Lucas No. L-19-1185.

{¶ 9} On September 20, 2019, appellant filed a motion to correct or modify the record pursuant to App.R. 9(E) with the trial court, seeking again to address the validity of the search warrant as applicable in the underlying case. Specifically, appellant asked the trial court to make the search warrant document part of the record for his appeal in Lucas No. L-19-1185,[1] and to "provide a finding and fact and conclusion of law so that the obvious errors and constitutional violations may be addressed with the SUPREME COURT." On September 24, 2019, the trial court denied the motion.

{¶ 10} Appellant filed a notice of appeal of the trial court's denial of his September 20, 2019 motion on October 15, 2019, in Lucas No. L-19-1236. As both appeals challenged the validity of the search warrant in the underlying case, the two pending appeals were consolidated. On May 22, 2020, we affirmed the trial court's determination, noting:

---

[1] Appellant sought similar action in the Allen County proceeding by filing a mandamus action with the Third District Court of Appeals against the Allen County Common Pleas trial court judge. The Ohio Supreme Court affirmed the Third District Court of Appeal's dismissal of appellant's petition for mandamus relief, seeking to compel the Allen County trial court to add a certified copy of the search warrant to the record in the Allen County proceeding. *See State ex rel. Martre v. Reed, Judge,* 161 Ohio St.3d. 281, 2020-Ohio-4777, 162 N.E.3d 773.

The warrant for appellant's cell phone was properly issued and his phone was constitutionally searched. The warrant appears to be based upon probable cause, was issued by a neutral magistrate, and was issued prior to the search being conducted.

*State v. Martre,* 6th Dist. Lucas No. L-19-1236, 2020-Ohio-3067, ¶ 13.

{¶ 11} On October 29, 2019, appellant filed a motion in the trial court seeking a certified copy of complaint and indictment at the state's expense. The trial court denied the motion on November 18, 2019. On April 29, 2020, appellant filed another motion in the trial court, this time seeking a certified copy of the search warrant. On May 14, 2020, the trial court denied the motion.

{¶ 12} On June 9, 2020, appellant appealed the trial court's denial of his motion for a certified copy of the search warrant in Lucas No. L-20-1096. The appeal was dismissed on December 2, 2020, after appellant failed to file a brief.

{¶ 13} On March 30, 2021, appellant filed a motion seeking a return of property (his cell phone and memory card), as provided by R.C. 2933.241.[2] The trial court scheduled the motion for hearing, and after hearing, denied the motion and ordered the Toledo Police to destroy the phone. In its entry of May 18, 2021, the trial court referenced a bench opinion, dictated but not prescribed. Appellant filed an appeal of this

---

[2] R.C. 2933.241 governs procedure in taking property pursuant to a search warrant and requires "[t]he officer taking property under a warrant" to provide a copy of the warrant and a written inventory of property taken.

decision on June 7, 2021, in Lucas No. L-21-1112, but on July 20, 2021, filed a motion to dismiss the appeal. On August 4, 2021, we ordered the appeal dismissed.

{¶ 14} On August 2, 2021, appellant filed a subsequent motion to return property, and the state of Ohio opposed the motion.[3] In its opposition, the state noted that video and/or images retrieved from the phone were used in securing a conviction on two counts of gross sexual imposition and two counts of illegal use of a minor in nudity-oriented material in Allen County. The state acknowledged that the Toledo Police retain the phone and memory card in the Toledo Police Department property room. "However, because video recordings on that phone depicted sexual contact with children," the state argued that phone could not be returned "in its present state" without violating R.C. 2907.321 and 2907.322, Ohio's pandering statutes. The state further argued that even if it were possible to delete the video, the possibility the data might be restored or retrieved through back-up systems rendered the phone contraband as containing pornography, and therefore, not subject to return under the law.

{¶ 15} On September 21, 2021, the trial court held a hearing on the motion for return of property and took the matter under advisement.[4] Appellant filed a request for findings of fact and conclusions of law as to the motion for return of property on October

---

[3] On the same date, appellant filed a petition for postconviction relief, which the state also opposed. The trial court denied the petition, and appellant did not appeal that judgment.
[4] This hearing was combined with the hearing on appellant's petition for postconviction relief, based on the scheduling order of the trial court.

6.

8, 2021. The trial court denied the request for findings of fact and conclusions of law on October 13, 2021.

{¶ 16} On October 13, 2021, the trial court ruled on the pending motion. The trial court denied appellant's request for return of property, finding R.C. 2981.13 barred the return of contraband to appellant. Specifically, the trial court noted the phone contained images that led to his no contest plea in the sex offense case in Allen County, resulting in a 12-year prison sentence.

{¶ 17} On October 22, 2021, appellant renewed his request for findings of fact and conclusions of law regarding his request for return of property, arguing the trial court failed to address such findings or conclusions within its October 13, 2021 judgment entry.

{¶ 18} On October 26, 2021, appellant filed a notice of appeal of the denial of his request for return of property. In the docketing statement, appellant identified potential issues as failure to give effect to "the statute" and failure to determine whether the search of the phone was illegal, requiring suppression of the evidence.

{¶ 19} On October 27, 2021, the trial court denied appellant's second motion for findings of fact and conclusions of law. Appellant filed a notice of appeal from the second entry on November 23, 2021 in Lucas No. L-21-1232. That separate appeal remains pending, and has not been consolidated with the present appeal.

### III.  Assignment of Error

{¶ 20} In challenging the denial of his request for return of property, appellant combines three issues within a single assignment of error, as follows:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S R.C. 2981.03(A)(4) MOTION FOR RETURN OF PROPERTY

ISSUE ONE:

WHETHER THE TRIAL COURT WAS REQUIRED TO TREAT THE R.C. 2981.03(A)(4) MOTION AS A POST SENTENCE MOTION TO SUPPRESS

ISSUE TWO:

WHETHER THE TRIAL COURT WAS REQUIRED TO MAKE AN INDEPENDENT DETERMINATION OF THE WARRANT'S LEGALITY UNDER R.C. 2981.03(A)(4)

ISSUE THREE:

WHETHER THE TRIAL COURT COULD HAVE RETURNED THE PROPERTY AND ORDERED THE CONTRABAND TO BE DESTROYED

### IV.  Analysis

{¶ 21} Appellant argues that the trial court erred in denying a return of his property, as unlawfully seized pursuant to R.C. 2981.03(A)(4).  As part of his argument,

8.

appellant raises settled issues concerning the validity of the seizure of his cell phone and the subsequent search of that property. We previously determined the warrant was valid and the search constitutionally sound. *See Martre,* 6th Dist. Lucas No. L-19-1236, 2020-Ohio-3067 at ¶ 13. Therefore, the trial court could not address the issue but was "bound to adhere to the appellate court's determination of the applicable law." (Citation omitted) *Nolan v. Nolan,* 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).

{¶ 22} In the present appeal, we need not revisit the propriety of the warrant and search. "[T]he decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." (Citations omitted) *Nolan* at 4; *see also Sullinger v. Sullinger,* 6th Dist. Lucas No. L-19-1261, 2020-Ohio-3549, ¶ 19 ("The law of the case doctrine provides that a "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.") (additional citations omitted.). Therefore, we address only the third issue raised by appellant concerning the trial court's decision to deny the motion for return of property. Appellant challenges this decision, based on argument that the trial court could have ordered a return of the cell phone and memory card in conjunction with an order to destroy the identified contraband stored on that cell phone.

{¶ 23} As an initial matter, we note there is no forfeiture proceeding evident in the record of this case. However, we have previously held that a request for the return of

9.

property may be pursued three ways: as a civil replevin action, through a motion within an existing forfeiture proceeding, or through a post-dismissal or postconviction motion pursuant to R.C. 2981.03(A)(4) or 2981.11(A)(1). *State v. Holloway,* 6th Dist. Wood No. WD-20-021, 2021-Ohio-1843, ¶ 11-24.

{¶ 24} Appellant sought return of his property, after his conviction in the Allen County Common Pleas Court, by filing a motion in the Lucas County case pursuant to R.C. 2981.03(A)(4). "[C]ourts routinely address postconviction motions for the return of seized property, including in criminal cases after the charges have been dismissed." *Flores v. Kelsey*, 6th Dist. Wood No. WD-18-065, 2018-Ohio-3886, ¶ 4, citing *State v. Harris,* 10th Dist. Franklin No. 99AP-684, 2000 WL 249161, *2-3 (Mar. 7, 2000). A property owner may seek the return of unlawfully seized property under R.C. 2981.03(A)(4), or the return of lawfully seized property under R.C. 2981.11(A)(1).

{¶ 25} Pursuant to R.C. 2981.03(A)(4):

> A person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return. If the motion is filed before an indictment, information, or a complaint seeking forfeiture of the property is filed, the court shall schedule a hearing on the motion not later than twenty-one days after it is filed. * * * At the hearing, * * * [i]f the property

seized is not titled or registered under law, the person shall demonstrate by

a preponderance of the evidence that the seizure was unlawful and that the

person is entitled to the property.  * * *.

As required by the statute, the trial court held a hearing on the motion.  At the hearing, appellant was required to prove, by a preponderance of the evidence, both an unlawful seizure and his entitlement to the property.  *State v. Moreno,* 2017-Ohio-479, 85 N.E.3d 238, ¶ 24 (2d Dist.).  Considering the preponderance of the evidence standard, we will not reverse the trial court's decision where the record contains competent, credible evidence to support that decision.  *Cleveland v. Tarulli,* 8th Dist. Cuyahoga No. 110188, 2021-Ohio-3462, ¶ 12, citing *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶ 26} In this case, we already determined that appellant's property was lawfully seized, rejecting appellant's argument regarding the legality of the search warrant used to seize and search appellant's cell phone.  *Martre,* 6th Dist. Lucas No. L-19-1236, 2020-Ohio-3067, at ¶ 13.  Therefore, the trial court correctly denied the motion under R.C. 2981.03(A)(4).  Additionally, even if appellant had pursued a return of *lawfully* seized property under R.C. 2981.11(A)(1), the trial court determined the cell phone and memory card constituted contraband.  Video and images contained on the cell phone were evidence in a separate case in another jurisdiction, leading to convictions for gross sexual imposition and illegal use of a minor in nudity-oriented material.

11.

**{¶ 27}** R.C. 2981.11(A)(1) provides:

Any property that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code.

R.C. 2981.13(A) requires contraband to be disposed of as provided by R.C. 2981.12, which in turn mandates "[o]bscene materials shall be destroyed." R.C. 2981.12(A)(3); *see also* Crim.R. 26 ("Physical property, *other than contraband*, as defined by statute, under the control of a Prosecuting Attorney for use as evidence in a hearing or trial should be returned to the owner at the earliest possible time.") (emphasis added.).

**{¶ 28}** Appellant argues the trial court erred in finding the cell phone and memory card were contraband. The trial court rejected appellant's argument that the files could be deleted prior to returning the cell phone, and instead found deletion of video and images stored on the device and memory card could potentially be reversed, and the files recovered. Other courts have reached a similar conclusion in considering electronic storage and the possibility of file recovery. *See, e.g., State v. Van Tielen,* 12th Dist. Brown No. CA2018-02-002, 2018-Ohio-3421, ¶ 14, citing *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commissioners,* 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d

12.

961, ¶ 24-25 (where computer contained images depicting child pornography, computer and hard drives must be destroyed to prevent file recovery).

{¶ 29} The entirety of appellant's argument disputes the facts that were ostensibly presented at the hearing before the trial court. Because appellant failed to include a transcript of that hearing as part of the record on appeal, we have no way to know whether there was a lack of competent, credible evidence to support the trial court's determination regarding the cell phone and memory card as contraband. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Crane v. Perry Cty. Bd. of Elections,* 107 Ohio St.3d 287, 2005-Ohio-6509, 893 N.E.2d 14, ¶ 37, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶ 30} Considering the record on appeal, including the prior determination of a lawful search warrant, we find no unlawful seizure of appellant's property and no error by the trial court in determining that property was subject to disposal as contraband. Appellant's assigned error, therefore, is not well-taken.

13.

## V.     Conclusion

**{¶ 31}** Upon due consideration, we find substantial justice was done to the party complaining and we affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
Myron C. Duhart, P.J.                          JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.