**[Cite as *State v. Durst*, 2025-Ohio-3103.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. S-24-029 |
| Appellee | Trial Court No. 15 CR 1204 |
| v. | |
| McClain Durst | **DECISION AND JUDGMENT** |
| Appellant | Decided: August 29, 2025 |

* * * * *

McClain Durst, appellant, pro se.

* * * * *

**SULEK, P.J.**

{¶ 1} In this accelerated appeal, appellant, McClain Durst, appeals a judgment from the Sandusky County Court of Common Pleas denying his motion to find the State in contempt of the trial court's order to return his cellphone. For the foregoing reasons, the trial court's judgment is reversed.

## I. Background

{¶ 2} On October 26, 2015, the Sandusky County Sheriff's Office and Perrysburg Police Department obtained a search warrant for Durst's Samsung Galaxy cellphone in relation to a rape investigation. On December 18, 2015, the Sandusky County Grand Jury indicted Durst on one count of rape. At the State's request, on December 17, 2018, the trial court dismissed the matter due to the out-of-state victim's unwillingness to travel to Ohio and provide trial testimony.

{¶ 3} On May 3, 2024, Durst moved for the return of his cellphone. He stated that since 2019, he had been unsuccessful in effectuating its return. On August 8, 2024, the court held a hearing on the motion. The State indicated: "I think, at this point, if it's not being used for evidence and has not been previously destroyed by another court order that I'm not aware of, the State doesn't have an objection to the return of the cellphone." The court then granted the request.

{¶ 4} On October 7, 2024, Durst filed a motion requesting that the trial court find the State in contempt by failing to comply with the court's order to return his cellphone. Durst, who is incarcerated, detailed his attempts to secure his phone including sending a certified letter to the prosecutor's office. On October 18, 2024, the court summarily denied the motion.

{¶ 5} Durst then filed a motion to compel compliance with the court's order and second request that the court find the State in contempt. Attached to his motion, in a letter dated September 3, 2024, the State responded that after conferring with the

2.

Sandusky County Sheriff's Office, it would not release the phone "due to the material that is on the phone." The State attached the August 8, 2024 letter it received from the sheriff's office providing, in part, that the office seized the cellphone in 2015, as part of the rape investigation and that:

> In O'Connell's report [who no longer works for the office], he indicates that there is an assortment of nude pictures from those whose ages initially appeared questionable. Apparently, some of these females were later spoken with and they were over 18 years of age. The report does not indicate that all of the females were located, identified, and spoken with. This would indicate that some of the unidentified females may be minors.

Durst argued that he would have faced criminal charges if, in fact, there were illegal images on the phone. On December 4, 2024, the court again, without elaboration, denied Durst's motion. This appeal followed.

## II. Assignment of Error

{¶ 6} Durst raises the following assignment of error:

> The trial court erred, and due process was denied, when the court denied defendant's motion to compel plaintiff to comply with the court's order filed August 8, 2024 that granted defendant's motion for return of the phone, and further, for failing to enter a finding of contempt for plaintiff's noncompliance.

## III. Analysis

{¶ 7} Durst's sole assignment of error challenges the trial court's failure to compel the State's compliance with its order and finding the State in contempt.

{¶ 8} Pursuant to R.C. 2981.11(A)(1):

3.

Any property that has been … seized pursuant to a search warrant . . . and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code.

This statute allows law enforcement to retain property as evidence but also imposes a duty to return seized property without unnecessary delay. *State v. Grace*, 2023-Ohio-165, ¶ 18 (6th Dist.).

{¶ 9} "A trial court has authority to order the return of property which is no longer needed in a completed criminal case and which is not the subject of forfeiture proceedings." *State v. Castagnola*, 2020-Ohio-1096, ¶ 16, citing *State v. Housley*, 2018-Ohio-4140, ¶ 9 (2d Dist.). Courts routinely address postconviction motions for the return of property previously seized and have also entertained such motions after the dismissal of criminal charges. *State v. Holloway*, 2021-Ohio-1843, ¶ 24 (6th Dist.). The court can deny a request for return of property if the subject of the motion is considered evidence in a criminal prosecution or contraband. *Id.* at ¶ 24; *State v. Martre*, 2022-Ohio-639, ¶ 27 (6th Dist.).

{¶ 10} Here, Durst properly moved for and was granted the return of his cellphone. While it is clear that the State's refusal to release the phone is in violation of the court's order, it is uncertain whether the phone contains possible evidence of a crime or contraband which justifies the State's retention of the item. The only materials before the trial court and this court were those provided by Durst in support of his motions.

4.

{¶ 11} Accordingly, the court finds Durst's assignment of error well-taken, in part, and remands the matter for an evidentiary hearing.

### IV. Conclusion

{¶ 12} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is reversed and the matter is remanded for an evidentiary hearing. Pursuant to App.R. 24, the State is ordered to pay the costs of this appeal.

Judgment reversed<br>
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

| Christine E. Mayle, J. | |
| --- | --- |
| | JUDGE |
| Myron C. Duhart, J. | |
| | JUDGE |
| Charles E. Sulek, P.J. | |
| CONCUR | JUDGE |

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.